**C L I F F O R D**

**C H A N C E**

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK, NY 10019-6131

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

**BY ECF**

Direct Dial: +1 212 878 8205
E-mail: jeff.butler@cliffordchance.com

July 8, 2022

The Honorable Paul A. Engelmayer
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

The Honorable Louis L. Stanton
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   ***Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited et al.*,
20 Civ. 9713 (LLS) (the "First Action")**

   ***Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited et al.*,
22 Civ. 2943 (PAE) (the "Second Action")**

Your Honors:

We represent the defendants in the above-referenced cases.  We are writing pursuant to Local Civil Rule 1.6 to notify you that, based on a recently-filed amended pleading, these cases now appear to be related under the standard set forth in Rule 13(a) of the Rules for the Division of Business Among District Judges.

Frontier Airlines, Inc. ("Frontier") is the plaintiff in both cases.  Frontier commenced the First Action in November 2020, naming as defendants AMCK Aviation Holdings Ireland Limited ("AMCK") and four other parties.  In the First Action, Frontier alleges, among other things, that AMCK wrongly terminated a Framework Agreement for the financing of certain aircraft purchases in May 2020.

Frontier commenced the Second Action in April 2022, naming the same defendants as well as one additional entity affiliated with AMCK.  Although the Second Action involves the same parties and some of the same agreements as the First Action, the original Complaint in the Second Action alleges a different set of claims arising from a corporate transaction announced in December 2021.  The original Complaint in the Second Action does not expressly reference the First Action, and the claims in the original Complaint are not directly related to the First Action.

CLIFFORD CHANCE US LLP

Accordingly, when the Second Action was filed, we did not believe the Second Action was related to the First Action under the standard set forth in Rule 13(a).[1]

The situation changed when Frontier filed an Amended Complaint in the Second Action on June 24, 2022.  In contrast to the original Complaint, the Amended Complaint repeatedly references the First Action—calling it the "Framework Agreement Action"—and adds two new claims under the New York Uniform Voidable Transfer Act that are premised on the claims in the First Action.  Based on these new allegations and claims, there is now significant factual overlap between the Second Action and the First Action and a risk of substantial duplication of effort and expense between the two cases.  Thus, under the standard set forth in Rule 13(a), we believe the cases are related such that they should be assigned to one Judge.

Respectfully submitted,


   s/  Jeff E. Butler

Jeff E. Butler

---

[1] We note in particular Rule 13(a)(2)(A), which states:  "Civil cases shall not be deemed related merely because they involve common legal issues or the same parties."