UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, CARLYLE AVIATION MANAGEMENT LIMITED, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.a.r.l., VERMILLION AVIATION HOLDINGS LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE, <br><br> Defendants. | 22 Civ. 2943 (PAE) |

**MEMORANDUM OF LAW IN SUPPORT OF
VERMILLION AVIATION HOLDINGS LIMITED'S
MOTION TO DISMISS**

Dated: November 10, 2022

Jeff E. Butler
John P. Alexander
Gege Wang
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019

*Attorneys for Defendants*

- i -

## TABLE OF CONTENTS

<u>Page</u>

Introduction ..................................................................................................................................... 1

Relevant Background ..................................................................................................................... 2

Argument ........................................................................................................................................ 2

    I.    THE CLAIMS AGAINST VERMILLION HOLDINGS SHOULD
          BE DISMISSED. ....................................................................................................... 2

Conclusion ...................................................................................................................................... 3

Defendant Vermillion Aviation Holdings Limited ("Vermillion Holdings") submits this Memorandum of Law in support of its Motion to Dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Frontier Airlines, Inc. ("Frontier").

## Introduction

Vermillion Holdings is a new Defendant in this action, having been named for the first time in the SAC filed on September 16, 2022. The other Defendants in this action filed a motion to dismiss the SAC on October 7, 2022. At that time, Vermillion Holdings had not been formally served and, accordingly, Vermillion Holdings was not a party to the motion to dismiss. Now, having been served in Hong Kong, Vermillion Holdings is moving to dismiss on the same grounds set forth in the motion to dismiss filed by other Defendants.

Vermillion Holdings incorporates as if fully set forth herein the papers submitted in support of the Motion to Dismiss filed on October 7, 2022 by Defendants AMCK Aviation Holdings Ireland Limited, Accipiter Investments Aircraft 4 Limited, Vermillion Aviation (Two) Limited, Accipiter Holdings DAC, Carlyle Aviation Management Limited, Maverick Aviation Holdings Ltd., Manchester Aviation Finance S.a.r.l., UMB Bank, N.A., not in its individual capacity but solely as Owner Trustee, and Wells Fargo Trust Company, N.A., not in its individual capacity but solely as Owner Trustee (the "First Motion to Dismiss"). (*See* Docs. 38, 39, 40.)[1] In addition, Vermillion Holdings seeks dismissal of the Fifth Claim, which is directed solely at Vermillion Holdings.

---

[1] Unless otherwise indicated, capitalized terms have the meaning given them in the memorandum of law in support of the First Motion to Dismiss or the Declaration of Jeff E. Butler dated October 7, 2022 ("Butler Declaration").

- 1 -

**Relevant Background**

Vermillion Holdings is a company incorporated and headquartered in Hong Kong. (SAC ¶ 30.) Vermillion Holdings is not alleged to be a party to any agreement with Frontier. (*See* SAC ¶¶ 6-7, 21-22, 24-25, 40; Butler Decl. ¶¶ 2-7 & Exs. 1-6.) The SAC alleges that Vermillion Holdings was the recipient of assets transferred by AMCK Holdings in the December 2021 Transfer. (SAC ¶¶ 30, 68-81.)

The SAC asserts claims against Vermillion Holdings for declaratory relief (Second and Third Claims) and claims under the New York Uniform Voidable Transactions Act (Fourth and Fifth Claims).

**Argument**

**I.     THE CLAIMS AGAINST VERMILLION HOLDINGS SHOULD BE DISMISSED.**

The declaratory claims concern Frontier's contractual relationship with certain other Defendants under the Lease Agreements. (*See* SAC ¶¶ 140-50, 152-61.) Because Vermillion Holdings is not a party to any agreement with Frontier, there is no basis for the declaratory relief sought against Vermillion Holdings. (*See* Op. Mem. at 20.) The declaratory claims also should be dismissed for the other reasons described in the First Motion to Dismiss. (*See* Op. Mem. 18-19.)

The claims against Vermillion Holdings under the New York Uniform Voidable Transactions Act ("UVTA") also should be dismissed as a matter of law. As an initial matter, there is no basis to apply New York law on such a claim against Vermillion Holdings. Agreements involving other Defendants may contain New York choice of law clauses, but Vermillion Holdings is not a party to any of those agreements. In addition, as explained in the First Motion to Dismiss, the New York UVTA does not apply to the December 2021 Transfer because the debtor at issue, AMCK Holdings, is based in Ireland, thus requiring the application

of Irish law.  (*See* Op. Mem. at 21-22.)  Under Irish law, a claim for the alleged improper transfer of assets can only be made in the context of an Irish liquidation proceeding.  (*See id.* at 22.)  Since this is obviously not an Irish liquidation proceeding, there is no basis for a claim here.

## Conclusion

For the reasons set forth above, all claims against Vermillion Holdings should be dismissed.

| | |
|---|---|
| Dated:  November 10, 2022<br>New York, New York | Respectfully submitted,<br><br> s/ Jeff E. Butler        <br><br>Jeff E. Butler<br>John P. Alexander<br>Gege Wang<br>CLIFFORD CHANCE US LLP<br>31 West 52nd Street<br>New York, New York 10019<br><br>*Attorneys for Defendants* |