

Eric B. Fisher
Binder & Schwartz LLP
366 Madison Avenue 6th Floor
New York, NY 10017

(T) 212.933.4551
(F) 212.510.7299
efisher@binderschwartz.com

June 8, 2023

By ECF and Email

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007
(212) 805-0268
EngelmayerNYSDChambers@nysd.uscourts.gov

      Re:  *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd., et al.*, No. 1:22-cv-
      02943 (PAE) – Frontier's Motion to Seal Exhibit 3 to the Declaration of Paul Lambert

Dear Judge Engelmayer:

      We represent Frontier Airlines, Inc. ("Frontier") in the above-captioned proceeding.  On
June 7, 2023, Frontier filed an application by order to show cause seeking a temporary
restraining order and preliminary injunction to enjoin Defendants Wells Fargo Trust Company,
N.A. and UMB Bank, N.A., solely in their capacity as owner trustee for aircraft leased to
Frontier, from exercising certain contractual remedies flowing from their May 26, 2023
declaration of an alleged breach of lease agreements that are the subject of this litigation.  In
support of its application, Frontier submitted a declaration of Paul Lambert (the "Lambert
Declaration"), an attorney at Lane Powell P.C., who acts as outside counsel for Frontier.

      Exhibit 3 to the Lambert Declaration is a March 2020 Framework Agreement between
AMCK Aviation Holdings Ireland Limited and Frontier (the "Framework Agreement").  Frontier
filed the public docket version of the Framework Agreement with a redacted slipsheet, and
informed Chambers that it would follow up with a more formal redacted copy and motion to seal
given the time-sensitive nature of Frontier's application.  A partially redacted version is now
attached to the Declaration of Eric B. Fisher supporting this letter motion.

      The attached version of the Framework Agreement redacts only the portions of the
agreement that reveal aircraft pricing, Frontier's long-term fleet plans, and other commercially
sensitive business strategy terms that could place Frontier at a competitive disadvantage to other
major airlines were they to become public.  Although there is a "strong presumption of access"
that attaches to public court filings, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d
Cir. 2006), courts have nevertheless allowed narrowly tailored redactions to protect
commercially sensitive business terms, *see, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, 14 Civ.
1308, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (sealing "confidential and sensitive
business information"); *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3;



*Vesta Corset Co. v. Carmen Founds., Inc.*, 97 Civ. 5139, 1999 WL 13257, at *2 (S.D.N.Y. Jan. 13, 1999).  Particularly given that the portions of the Framework Agreement upon which Frontier relies remain unredacted, sealing the commercially sensitive portions of the Framework Agreement is particularly appropriate under the circumstances.

Very truly yours,

Eric B. Fisher

Enclosure

cc:    All Counsel of Record (via ECF and Email)

Granted.  SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
June 8, 2023

2