# Exhibit 15

DRAFT

[Maverick Aviation (Ireland) DAC Letterhead]

April [__], 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, Co 80239
USA

RE: Term Sheet Regarding Alternative Security Assignment and Novation Documentation for the aircraft described on the attached Schedule 1 (the "Aircraft")

Dear Sir,

Frontier Airlines, Inc. ("Lessee") leases (individually a "Lease" and collectively the "Leases") each of the Aircraft from UMB Bank N.A., as owner trustee or Wells Fargo Trust Company, N.A., as owner trustee (individually "Lessor" and collectively "Lessors"), as shown on Schedule 1. Each of the Aircraft is beneficially owned by Accipiter Investments Aircraft 4 Limited or Vermillion Aviation (Two) (individually "OP" and collectively "OPs"), as shown on Schedule 1. Each of the Leases is guaranteed by Accipiter Holdings (DAC), Accipiter Investments Aircraft 4 Limited or Vermillion Aviation (Two) Limited (individually "Guarantor" and collectively ("Guarantors"), as shown on Schedule 1. Lessee filed two pending lawsuits in U.S. District Court for the Southern District of New York as case numbers 1:22-cv-02943 and 1:20-cv-09713 (the "Lawsuits") against AMCK Aviation Holdings Ireland Limited, Lessors, OPs, Guarantors and certain other related parties (collectively "Defendants"). Accipiter Investments Aircraft 4 Limited desires to substitute UMB Bank N.A., as owner trustee in the place of Wells Fargo Trust Company, N.A., as owner trustee as Lessor for certain of the Aircraft as shown in Schedule 1. OPs also desire to refinance all the Aircraft and Accipiter Investments Aircraft 4 Limited desires to novate certain Aircraft as shown on Schedule 1.

This term sheet ("Term Sheet") outlines the key terms and conditions regarding the documentation in connection with such financings and transfers.

1) **Existing Guarantees**. For any Aircraft that is not novated to a new owner participant, the existing Guarantee shall remain in place after the financings and owner trustee transfers have closed. For any Aircraft that is novated to a new owner participant, a replacement guarantee shall be provided to Lessee by a qualified affiliate of the new owner participant in accordance with the terms of the of the relevant Lease.

2) **Additional New Action Guarantee.** Maverick Aviation (Ireland) DAC ("New Guarantor") shall provide Lessee with a new guarantee ("New Action Guarantee") unconditionally and irrevocably guaranteeing payment and performance of all obligations under the Leases as

well as any and all judgment liabilities, including interest and costs awarded in favor of Lessee against any of the defendants in either of the Lawsuits and any and all allowed claims in any bankruptcy case filed by any of the Defendants and/or New Guarantor. Prior to the issuance of final judgments in favor of Lessee in the Lawsuits the New Action Guarantee shall, at New Guarantor's option, be secured by either (i) a fully funded irrevocable letter of credit for $65M in form and substance satisfactory to Lessee, or (ii) a first lien mortgage against three of the Aircraft selected by Lessee. If final judgments are awarded in the Lawsuits a supersedeas bond filed with the Court or Courts in the Lawsuits shall replace such collateral on a pro rata basis. If (i) any guaranteed amount is not paid within 3 business days after a final judgment issued by a Court in the Lawsuits or allowed as a bankruptcy claim in connection with a bankruptcy filing be any of Defendants or New Guarantor, (ii) the letter of credit is not replaced 30 days prior to expiration, or (iii) Lessee receives a notice of non-renewal from the bank issuing the letter of credit, Lessee shall be entitled to draw on the Letter of Credit or commence foreclosure under its mortgages, as applicable, without notice or demand and Lessee's costs and expenses associated with any such efforts shall be paid by Lessor. If New Guarantor elects to use first lien mortgages to secure the New Action Guarantee, the parties shall wait 91 days after the granting of the New Action Guarantee and mortgages before any of the financings or novations are closed and become final.

3) **Documentation for Aircraft Financings and Transfers.** Lessee shall relax the restrictions protecting its security for any judgment awarded in connection with the Lawsuits from the financing and transfer documentation that it is willing to approve. However, Lessee does not waive any right to review, revise and approve any financing, owner trustee/owner participant transfer and novation documents in accordance with the Leases.

4) **Lessee's Legal Fees and Expenses.** All of Lessee's legal fees and expenses in connection with work on previous owner trustee transfers, novations and financings that are unpaid as of the date the parties execute this Term Sheet shall be paid to Lessee's counsel upon execution of this Term Sheet. At the closing of each financing, novation and owner trustee transfer Lessor shall also pay all of Lessee's legal fees and expenses in connection with documenting and closing such transaction. Lessee's legal fees and expenses in connection with or arising from enforcing the New Action Guarantee and from any subsequent appeals that result in judgment in favor of Lessee shall also be borne by Lessor.

5) **Documentation**. Lessee's counsel shall prepare the first draft of the New Action Guarantee and related security documents as well as the financing, novation and owner trustee transfer documentation. This Term Sheet is non-binding and shall be subject to execution of mutually satisfactory documentation by the applicable parties.

6) **Third Parties:** Any person who is not party to this Term Sheet has no rights to enforce any term of this Term Sheet.

7) **Governing Law.** This Term Sheet and the documentation and any non-contractual obligations arising out of or in connection with this Term Sheet shall be governed by New

DRAFT

York law. The parties agree to submit to the exclusive jurisdiction of the Courts of New York with regard to any claim or matter arising under or in connection with this Term Sheet or the Documentation.

8) **Confidentiality.** This Term Sheet is confidential to Lessee, New Guarantor, Lessors and the other parties referenced in the first paragraph above (collectively "Lessor Parties"). Lessee and Lessor Parties shall keep the terms of this Term Sheet strictly confidential and not reveal them to any person other than their shareholders, affiliates, employees, directors, officers, attorneys and other professional advisers of them and their affiliates who are responsible for analysing, negotiating and approving the transaction and who are made aware of the confidential nature of it, except where disclosure is required by law or regulation or by any court or tribunal or regulatory, supervisory, governmental or quasi-governmental authority with jurisdiction over any party, in which case the disclosing party shall, to the extent possible, notify the other party prior to disclosing.

9) **Non-Waiver & Preservation of Rights Agreement and ER 408.** The terms of this Term Sheet and the dealings among Lessee and the Lessor Parties in connection with this Term Sheet are expressly subject to ER 408 and the Non-Waiver & Preservation of Rights Agreement dated October 21, 2022. The transactions described in this Term Sheet are not intended to settle the Lawsuits, but rather only to facilitate Lessor to refinance the Aircraft, transfer the owner trustee interest in the Aircraft and novate the Aircraft.

10) **Counterparts.** This Term Sheet may be executed in counterparts and each such counterpart shall be deemed an original and all such counterparts shall together constitute one instrument. For all purposes, a facsimile or scanned signature on this Term Sheet shall be deemed an original signature.

Please confirm your acceptance of this Term Sheet by executing a counterpart of this Term Sheet in the space provided below and returning a signed copy to Lessor.

**Maverick Aviation (Ireland) DAC**

By:

Name:

Title:

DRAFT

**ACCEPTED AND AGREED:**

**FRONTIER AIRLINES, INC.**

By:

Name:

Title:

DRAFT

Schedule 1

| MSN/N No. | Owner Trustee | Owner Participant | Guarantor |
|---|---|---|---|
| 7524 /N716FR | Wells Fargo Trust Company, as OT | Accipiter Investments Aircraft 4 Limited | Accipiter Holdings DAC (AHDAC) |
| 8102 /N326FR | | | |
| 8239 /N331FR | | | |
| 8357 /N336FR | | | |
| 8307 /N332FR | | | |
| 8402 /N338FR | | | |
| 8766 /N349FR | UMB Bank, as OT | | |
| 8857 /N350FR | | | Accipiter Investments Aircraft 4 Limited |
| 8913 /N351FR | | | |
| 8977 /N353FR | | | |
| 9068 /N358FR | | | |
| 9026 /N354FR | | | |
| 9177 /N359FR | | | |
| 10038 /N370FR | | Vermillion Aviation (Two) Limited | |

DRAFT



