# Exhibit 19

## DEFAULT NOTICE

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

With a copy to:

Frontier Airlines, Inc.
7001 Tower Road
Denver, CO 80249
Attention: Chief Financial Officer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com; Jimmy.Dempsey@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Operating Lease Agreement, dated as of February 19, 2016 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and Wells Fargo Trust Company, National Association (formerly Wells Fargo Bank Northwest, National Association), acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A321-211 aircraft bearing manufacturer's serial number 7524 and United States registration mark N716FR together with two (2) CFM International, Inc. CFM56-5B3/3B1 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Section 22.2 of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Section 20.1(d) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Section 22.2 of the Lease to promptly execute all document reasonably requested by Lessor to effect, perfect, record or implement the Assignment Transactions and to comply with the Lessor's reasonable requests in respect of the Assignment Transactions by failing to execute the N&A (the "**Default**"). In accordance with Section 20.1(d) of the Lease, the Default shall become an Event of Default if not remedied within 30 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 90 days

after the date of this notice. This notice constitutes a notice referred to in Section 20.1(d) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law.  Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Section 6.2 of the Lease, our right to apply the Security Deposit in whole or in part for the payment of any amounts owing from time to time by Lessee under the Operative Documents and not paid by Lessee when required hereunder or thereunder or utilize the Security Deposit in whole or in part to perform any of Lessee's obligations not timely performed by Lessee under the Operative Documents or otherwise remedy any Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Section 23.3 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Beneficiary, any Affiliate thereof, the Lease Manager or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee.  No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Agreement, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Operative Document or any Other Agreement.

(4) We note that, under Section 23.4(b) of the Lease, Lessor is entitled to its expenses incurred after a Default, and under Section 15.1 of the Lease, Lessor, Beneficiary and the other Indemnitees are entitled to be indemnified for any Losses that that such Indemnitee suffers or incurs attributable to acts or events which arise out of or relate to any breach by the Lessee of any of its obligations under the Operative Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Beneficiary, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Section 15.1 of the Lease and/or under any other provision of the Lease or other Operative Documents.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

[*Signature Page Follows*]

Very truly yours,

WELLS FARGO TRUST COMPANY,
NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

    Name: Robin A. Phelan
    Title: Vice President

# DEFAULT NOTICE

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of March 6, 2018 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and Wells Fargo Trust Company, National Association (formerly Wells Fargo Bank Northwest, National Association), acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 8102 and United States registration mark N326FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a form of master assignment, assumption, amendment, acknowledgment and consent agreement together with the forms of attachments thereto (collectively, the "**Master Assignment**") and a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent, agreement or amendment (as applicable) in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A and the Master Assignment (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion

of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee.  No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

- 2 -

Very truly yours,

WELLS FARGO TRUST COMPANY,
NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee


By: _____

    Name: Robin A. Phelan
    Title: Vice President

# DEFAULT NOTICE

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of June 5, 2018 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and Wells Fargo Trust Company, National Association (formerly Wells Fargo Bank Northwest, National Association), acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 8239 and United States registration mark N331FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a form of master assignment, assumption, amendment, acknowledgment and consent agreement together with the forms of attachments thereto (collectively, the "**Master Assignment**") and a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent, agreement or amendment (as applicable) in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A and the Master Assignment (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion

of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee.  No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

Very truly yours,

WELLS FARGO TRUST COMPANY,
NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee


By: _____

    Name: Robin A. Phelan
    Title: Vice President

# DEFAULT NOTICE

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of August 29, 2018 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and Wells Fargo Trust Company, National Association (formerly Wells Fargo Bank Northwest, National Association), acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 8307 and United States registration mark N332FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**") and a form of Trust Assignment and Assumption, Lease Amendment, Acknowledgment and Consent Agreement (the "**Third Party Buyer Assignment**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A and the Third Party Buyer Assignment (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion

of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee.  No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

Very truly yours,

WELLS FARGO TRUST COMPANY,
NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

Name: Robin A. Phelan
Title: Vice President

**DEFAULT NOTICE**

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of July 31, 2018 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and Wells Fargo Trust Company, National Association (formerly Wells Fargo Bank Northwest, National Association), acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 8357 and United States registration mark N336FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a form of master assignment, assumption, amendment, acknowledgment and consent agreement together with the forms of attachments thereto (collectively, the "**Master Assignment**"), a Trust Assignment and Assumption, Lease Amendment, Acknowledgment and Consent Agreement (the "**Third Party Buyer Assignment**") and a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent, agreement or amendment (as applicable) in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A, the Master Assignment and the Third Party Buyer Assignment (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting

any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee. No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

[*Signature Page Follows*]

- 2 -

Very truly yours,

WELLS FARGO TRUST COMPANY,
NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee


By: _____

    Name:  Robin A. Phelan

    Title:   Vice President

**DEFAULT NOTICE**

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of August 30, 2018 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and Wells Fargo Trust Company, National Association (formerly Wells Fargo Bank Northwest, National Association), acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 8402 and United States registration mark N338FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may

in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee. No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

Very truly yours,

WELLS FARGO TRUST COMPANY,
NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

    Name: Robin A. Phelan
    Title: Vice President

# DEFAULT NOTICE

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of March 22, 2019 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and UMB Bank, National Association, acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 8766 and United States registration mark N349FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may

in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2)   Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee. No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3)   Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4)   We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5)   This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

- 2 -

Very truly yours,

UMB BANK, NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

Name:   Dillon Butler
Title:    Vice President

# DEFAULT NOTICE

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of April 23, 2019 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and UMB Bank, National Association, acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 8857 and United States registration mark N350FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may

in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee. No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

- 2 -

Very truly yours,

UMB BANK, NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

Name:   Dillon Butler
Title:   Vice President

**DEFAULT NOTICE**

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of May 9, 2019 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and UMB Bank, National Association, acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 8913 and United States registration mark N351FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may

in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee.  No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.


*[Signature Page Follows]*


- 2 -

Very truly yours,

UMB BANK, NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

Name:   Dillon Butler
Title:    Vice President

# DEFAULT NOTICE

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of June 27, 2019 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and UMB Bank, National Association, acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 8977 and United States registration mark N353FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may

in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2)    Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee. No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3)    Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4)    We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5)    This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

- 2 -

Very truly yours,

UMB BANK, NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

    Name:   Dillon Butler
    Title:    Vice President

# DEFAULT NOTICE

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of June 28, 2019 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and UMB Bank, National Association, acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 9026 and United States registration mark N354FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may

in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee. No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

- 2 -

Very truly yours,

UMB BANK, NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

    Name:  Dillon Butler
    Title:   Vice President

Default Notice – MSN 9026

**DEFAULT NOTICE**

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of August 19, 2019 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and UMB Bank, National Association, acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 9068 and United States registration mark N358FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may

in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2)   Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee.  No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3)   Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4)   We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5)   This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

[*Signature Page Follows*]

Very truly yours,

UMB BANK, NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

    Name:  Dillon Butler
    Title:   Vice President

**DEFAULT NOTICE**

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of September 30, 2019 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and UMB Bank, National Association, acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 9177 and United States registration mark N359FR together with two (2) CFM International, Inc. LEAP- 1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**") and a Trust Assignment and Assumption, Lease Amendment, Acknowledgment and Consent Agreement (the "**Third Party Buyer Assignment**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A and the Third Party Buyer Assignment (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion

of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee.  No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

- 2 -

Very truly yours,

UMB BANK, NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

Name:   Dillon Butler
Title:    Vice President

**DEFAULT NOTICE**

May 26, 2023

Frontier Airlines, Inc.
4545 Airport Way
Denver, CO 80239-7312
Attention: Treasurer; General Counsel

By email: spencer.thwaytes@flyfrontier.com; howard.diamond@flyfrontier.com

Ladies and Gentlemen:

Reference is hereby made to that certain Aircraft Lease Agreement, dated as of March 16, 2020 (as amended, restated, assigned, supplemented and otherwise modified from time to time, the "**Lease**"), between Frontier Airlines, Inc. ("**Lessee**") and UMB Bank, National Association, acting not in its individual capacity, but solely as owner trustee, as lessor ("**Lessor**"), pursuant to which Lessor is leasing to Lessee one (1) Airbus A320-251N aircraft bearing manufacturer's serial number 10038 and United States registration mark N370FR together with two (2) CFM International, Inc. LEAP-1A26 engines (collectively, the "**Aircraft**"). All initially capitalized terms used herein shall have the meanings ascribed thereto in the Lease, unless specifically defined herein.

Reference is also made to a notice sent by Lessor to Lessee on March 10, 2023 (the "**Assignment Transactions Notice**") notifying Lessee, pursuant to Clause 20.2(a) of the Lease, regarding certain transactions anticipated to be undertaken (the "**Assignment Transactions**"). Lessor has also separately provided Lessee a notice of, and acknowledgement of, the security assignment referred to in the Assignment Transactions Notice (the "**N&A**") and a form of Trust Assignment and Assumption, Lease Amendment, Acknowledgment and Consent Agreement (the "**Third Party Buyer Assignment**").

Pursuant to Clause 16.1(c) of the Lease, Lessor hereby notifies Lessee that Lessee has failed to comply with its obligations under Clause 20.2(b) of the Lease to comply with the Lessor's reasonable requests, including executing and delivering a consent in the form Lessor reasonably requires, in respect of the Assignment Transactions by failing to execute the N&A and the Third Party Buyer Assignment (the "**Default**"). In accordance with Clause 16.1(c) of the Lease, the Default shall become an Event of Default if not remedied within 15 days after the date of this notice or Lessee is diligently undertaking to remedy such failure, within 30 days after the date of this notice. This notice constitutes a notice referred to in Clause 16.1(c) from Lessor to Lessee of the Default.

(1) If the Default becomes an Event of Default, Lessor or any other Indemnitee may elect to exercise its rights and remedies under the Lease and under applicable law. Without limiting any course of action available to us, those rights and remedies include, without limitation: (i) pursuant to Clause 6.2(b) of the Lease, our right to the application of all or any portion

of the Security in or towards satisfaction of any sums due to Lessor or Owner Participant or any of its Affiliates under the Lessee's Documents or any Other Lessee's Documents or to compensate Lessor or Owner Participant or any of its Affiliates for any sums that it may in its discretion advance or expend as a result of such Event of Default or any other Event of Default; (ii) initiating claims for damages and expenses resulting from your failure to comply with the terms of the Lease; (iii) grounding of the Aircraft; (iv) cancelation of the leasing of the Aircraft and requiring return of the Aircraft to Lessor; and/or (v) exercising Lessor's rights under Clause 20.10 of the Lease to effect performance of Lessee's obligations on Lessee's behalf.

(2) Nothing contained herein shall serve to waive any rights, powers, privileges or remedies that the Lessor, Owner Participant, any Affiliate thereof, the Servicer or any other Indemnitee may have under the Lease, under applicable law or in equity, or which they may otherwise have against Lessee, all of which rights, powers, privileges and remedies are expressly reserved, together with the right to act or not act with respect to any such rights, powers, privileges and remedies at any time, without the necessity of any further notice, demand or other action by the Lessor or any other Indemnitee.  No failure or delay on the part of Lessor or any other Indemnitee in the exercise of any rights, powers, privileges or remedies under the Lease or any Other Lessee's Document, any applicable law or at equity shall impair such rights, powers, privileges and remedies or operate as, or be construed to be, a waiver of any default or acquiescence therein, nor shall any single or partial exercise of any such rights, powers, privileges and remedies preclude other or further exercise thereof or of any other rights, powers, privileges and remedies.

(3) Nothing contained herein shall serve to waive any other breach, default or Event of Default under the Lease or any Lessee's Document or any Other Lessee's Document

(4) We note that, under Clause 19.01 of the Lease, Lessor, Owner Participant and the other Indemnitees are entitled to be indemnified for any Claims that that such Indemnitee suffers or incurs arising, directly or indirectly, out of or in any way connected with a breach by Lessee of any of its obligations under the Lessee's Documents, including the Default. Lessee's failure to comply with our demands in this Notice will cause Lessor, Owner Participant, and their Affiliates to suffer losses for which they reserve all rights to be indemnified under Clause 19.01 of the Lease and/or under any other provision of the Lease.

(5) This notice shall in all respects by governed by, and construed in accordance with, the laws of the State of New York.

*[Signature Page Follows]*

- 2 -

Very truly yours,

UMB BANK, NATIONAL ASSOCIATION, not in
its individual capacity but solely as Owner Trustee

By: _____

    Name:   Dillon Butler
    Title:    Vice President