# **<u>EXHIBIT 5</u>**



PAUL M. LAMBERT
206.223.7724 (office)
425-213-6748 (cell)
LambertP@lanepowell.com

December 1, 2022

**Via Email** (fmechlowicz@milbank.com)

Freyda Mechlowicz
Milbank
55 Hudson Yards
New York, NY 10001-2163
dfine@milbank.com

      Re: Your Correspondence to me dated November 23, 2022 and November 29, 2022
      Regarding 5 Aircraft Leased to Frontier Airlines, Inc. ("Frontier")

Dear Freyda,

Thank you for your email on November 23, 2022 and subsequent letter dated November 29, 2022.

We are pleased to see that your client Carlyle Aviation Management Limited (together with its affiliates "CAML") now acknowledges that transfers resulting in a new mortgagee and/or beneficial interest owner are subject to the transfer requirements established by each of the lease agreements. We are also pleased with Carlyle's apparent willingness to begin responding to our customary requests for information and records in connection with lessor transfers.

You seem to have misinterpreted my November 23 letter and Frontier's good faith efforts to cooperate with CAML to complete the proposed sales and security assignments. Frontier is entitled to evaluate and assess whether the transfers and security assignments will satisfy the transfer requirements of the lease agreements, and Frontier's requests for information and documents were specifically tailored to only ask for information necessary to ascertain such.

Frontier routinely expects to see such information and records and, in fact, many of Frontier's lessors voluntarily provide the requested information and records as the first step in any proposed

STREET ADDRESS: 1420 FIFTH AVENUE, SUITE 4200  I  SEATTLE, WA 98101-2375    P 206.223.7000 F 206.223.7107  LANEPOWELL.COM
MAILING ADDRESS: P.O. BOX 91302  I  SEATTLE, WA 98111-9402
A PROFESSIONAL CORPORATION

Freyda Mechlowicz
Page 2

novation and security assignment. Frontier is entitled to ask preliminary questions because novations and security assignments could materially affect Frontier's rights and interests as lessee.

Furthermore, as you are well aware, Frontier's obligations to cooperate are expressly conditioned upon the lessor's compliance with the transfer provisions in each of the lease agreements. You may be aware that, among other things, Carlyle sent faulty lessor notices to Frontier earlier this year followed by security assignment notices that failed to meet industry standards. In each instance, Frontier incurred expenses and fees to review and correct those deficiencies. All of the aircraft leases are clear that lessor transfers and security assignments are to be completed at no cost to Frontier. Frontier is happy to provide invoices for its incurred expenses and costs for Carlyle to make payment. Please confirm Carlyle is now willing to reimburse Frontier for its expenses.

Given that these aircraft are subject to ongoing litigation, it is reasonable for a potential judgement creditor (in this case, Frontier) to take actions to protect itself from fraudulent conveyances and breaches of the covenant of quiet enjoyment. We are happy to discuss mutually agreeable options to that end.

We are aware that Mr. Robert Korn noted that Carlyle would like to close the transfers described in his November 16 email by early Q1 of 2023, and Carlyle's timely response to Frontier's customary requests is critical for the parties to finish by that date. Frontier stands ready to work with Carlyle in good faith pursuant to the terms and conditions of the lease agreements.

We are in the process of reviewing the draft documents that you sent me with your email on November 23, 2022. However, we would like to clarify several points with you:

1. **The Proposed Change of Guarantor.**

   - You sent us a new guarantee naming Maverick Aviation TL (D) Limited as the new guarantor. Please provide the requested financial statements of the proposed new guarantor so that Frontier can verify the proposed new guarantor's net worth.
   - Please clarify the relationship between the new guarantor and the beneficial owner of the lease (i.e., the owner participant) and the reason why the existing guarantees are to be replaced. We note that guarantees are typically replaced when the beneficial interest of the lease is being transferred or when the existing guarantor can no longer meet the ongoing guarantor net worth requirement, and barring those two scenarios, lessors generally do not replace guarantees. Your proposed replacement guarantee does not appear to be in connection with the proposed sale of the four aircraft described in Mr. Korn's November 16 email. We would be grateful if you could provide further clarification.

2. **Aircraft Currently Owned by Wells Fargo Trust Company.**

   - You noted in your November 23, 2022 email that there are three aircraft owned by Wells Fargo Trust Company, as owner trustee: MSNs 8102, 8239 and 8357. Per