# **EXHIBIT 8**

Draft 4/24/23

<u>Carlyle/Frontier – Proposal Regarding Documentation and Guaranty</u>

The following is a description for discussion purposes of Carlyle's proposal to resolve open points in the documentation requested by Carlyle on behalf of the lessors of the Frontier aircraft in connection with security assignments, transfers among affiliates within the Maverick group and transfers to third party buyers.

(1) Subject to the conditions set out in this summary, a Maverick entity will provide a guaranty (the "**Guaranty**") in favor of Frontier as to amounts that are owed (if any) by a Maverick Defendant in the two pending actions (the "**Actions**"), in each case to the extent determined to be owed to Frontier in either such Action pursuant to a final, non-appealable judgment (including, to the extent a Maverick Defendant is a debtor in a bankruptcy, any such amounts described in the foregoing that are allowed claims in such bankruptcy case) (the "**Guaranteed Amounts**").
   a. "**Maverick Defendant**" means any person who is named as a defendant in an Action that is a person in the Maverick fund (i.e. a direct or indirect subsidiary of Maverick Aviation Partnership LP), or the owner trustee under a trust agreement so long as the owner participant is a person in the Maverick fund, and including any such defendant whether or not they continue to have a right, title or interest in an aircraft leased to Frontier or related lease at the time of the relevant judgment.
   b. A Guaranteed Amount would be payable under the Guaranty in accordance with the following procedure: (a) demand from the applicable Maverick Defendant has been made under an enforceable money judgment and has not been paid by or on behalf of such Maverick Defendant within 30 days of the date of such demand; and (b) following the end of such period (if such amount was not paid), Frontier may make a written demand under the Guaranty, and the Guarantor will pay the relevant Guaranteed Amount within 10 business days of such demand. No demand may be made under the Guaranty after the Termination Date.
   c. The Guaranty will be provided in addition to and separate from, and not in lieu of, any guaranty of the lessor's obligations under a Lease that is provided in accordance with the Lease.

(2) The guarantor will be Maverick Aviation (Ireland) DAC (the "**Guarantor**").

(3) The Guarantor will represent and warrant that it has, and covenant that it will maintain until the Termination Date, a net worth of at least $65 million.

(4) The Guaranty will terminate on the earliest date (the "**Termination Date**") that one of the following occurs: (a) the satisfaction in full of any money judgment in favor of Frontier in the Actions, (b) the determination in final, nonappealable judgments that no amounts are payable to Frontier by any Maverick Defendant in the Actions, (c) the Actions are both settled and (d) Frontier breaches a Beneficiary Obligation or breaches any of its obligations under any of the Leases.

#4877-6589-3720v2

(5) Frontier will agree in the Guaranty to certain conditions precedent to the Guaranty and to comply with certain obligations (the "**Beneficiary Obligations**"), which will include:
   a. On the date of the Guaranty, as a condition to execution and delivery of the Guaranty, Frontier will be required to execute and deliver to each relevant lessor an acknowledgment of a notice of security assignment relating to each of the 14 aircraft.  The notice of security assignment will not contain any language that is non-standard referring to the Actions and, specifically, the paragraph in the notice currently requested that refers to the Actions and subordination will not be included in the executed notices, and no FAA filing of such notices will be made. The applicable forms will be attached to the Guaranty.
   b. Frontier's signatures referred to above will be held in escrow, but Frontier will provide (as a condition to the execution and delivery of the Guaranty) authorization to Carlyle to release such signatures upon release by the parties thereto of the fully executed and dated notice relating to such acknowledgement and, in the case of the three aircraft (the "**TL (D) Aircraft**") being moved into Maverick Aviation TL (D) Limited, the delivery to Frontier of the replacement lessor guaranty by Maverick Aviation Borrower 1 Ltd.
   c. Frontier will agree to execute and deliver a Master Assignment for each of the TL (D) Aircraft in substantially the form that will be attached to the Guaranty, subject to reasonable changes required by the owner trustee parties or FAA counsel.  The form will not include descriptions of the Actions in the FAA filed portion of the document (except to the extent FAA counsel advises that the relevant language cannot be redacted).  The form will not include the words "and will continue to have" referring to the net worth of the lessor guarantor in the Master Assignment or in the lessor guaranty form attached to it, and the form of lessor guaranty will not include the requested sentence that starts "For clarity, the "Guaranteed Obligations" include…".  Frontier will cooperate to expeditiously transfer the trusts to TL (D).
   d. Frontier will agree to execute and deliver an owner participant assignment agreement, or an owner trustee and owner participant assignment agreement (as applicable) to effect the sale of the four aircraft identified to them to be sold to third parties (the "**Sale Aircraft**") in a form that will be a market standard form, and will provide that no claim or liability in respect of the Actions will be assigned to or assumed by a third party buyer entity (e.g., the new owner participant or new guarantor), and all such claim or liability will be retained by the prior owner participant and related lessor guarantor.
   e. With respect to the aircraft that are not TL (D) Aircraft nor Sale Aircraft (the "**Other Aircraft**", provided that the Other Aircraft will include each TL (D) Aircraft or Sale Aircraft for which the anticipated transaction referred to above does not occur for any reason), Frontier will agree to execute and deliver documentation (i.e., security notice and acknowledgment, Master Assignment reflecting a change in owner trustee and/or owner participant to an affiliate with a replacement guaranty, or assignment of trustee and/or owner participant to a third party buyer) substantially in the same form as the applicable forms referred to above in connection with financings or sales of such Other Aircraft, subject to receipt by Frontier of appropriate and market standard evidence of net worth of

any applicable replacement guarantor (if any) as meeting the net worth required of a lessor guarantor under the applicable lease.