# EXHIBIT 12

7/3/23

Carlyle/Frontier – Proposal Regarding Documentation and Guaranty

The following is a description for discussion purposes of Carlyle's proposal to resolve open points in the documentation requested by Carlyle on behalf of the lessors of the Frontier aircraft in connection with security assignments, transfers among affiliates within the Maverick group and transfers to third party buyers.

(1) Subject to the conditions set out in this summary, a Maverick entity will provide a guaranty (the "**Guaranty**") in favor of Frontier as to amounts that are owed (if any) by any defendant as of the date hereof in the action captioned *Frontier Airlines, Inc. v. AMCL Aviation Holdings Ireland Limited, et al.*, No. 20 Civ. 9713 (LLS), pending in the United States District Court for the Southern District of New York (the "**Action**"), to the extent determined to be owed to Frontier in such Action pursuant to a final, non-appealable judgment (including, to the extent a defendant is a debtor in a bankruptcy, any such amounts described in the foregoing that are allowed claims in such bankruptcy case) (the "**Guaranteed Amounts**").

    a.  A Guaranteed Amount would be payable under the Guaranty in accordance with the following procedure: (a) demand from the applicable defendant has been made under an enforceable money judgment and has not been paid by or on behalf of such defendant within 30 days of the date of such demand; and (b) following the end of such period (if such amount was not paid), Frontier may make a written demand under the Guaranty, and the Guarantor will pay the relevant Guaranteed Amount within 10 business days of such demand. No demand may be made under the Guaranty after the Termination Date.

    b.  The Guaranty will be provided in addition to and separate from, and not in lieu of, any guaranty of the lessor's obligations under a Lease that is provided in accordance with the Lease.

(2) The guarantor will be Maverick Aviation (Ireland) DAC (the "**Guarantor**").

(3) The Guarantor will represent and warrant that it has, and covenant that it will maintain until the Termination Date, a net worth of at least $65 million. Within 10 business days of the end of each quarter, the Guarantor will provide Frontier with a certificate from an officer or other authorized representative certifying that the Guarantor's net worth is at least $65 million.

(4) The Guaranty will terminate on the earliest date (the "**Termination Date**") that one of the following occurs: (a) the satisfaction in full of any money judgment in favor of Frontier in the Action, (b) the determination in final, nonappealable judgments that no amounts are payable to Frontier by any defendant in the Action, (c) the Action is settled and (d) Frontier breaches a Beneficiary Obligation or breaches any of its payment obligations under any of the Leases.

(5) Frontier will agree in the Guaranty to certain conditions precedent to the Guaranty and to comply with certain obligations (the "**Beneficiary Obligations**"), which will include:

    a. On the date of the Guaranty, as a condition to execution and delivery of the Guaranty, Frontier will be required to execute and deliver to each relevant lessor an acknowledgment of a notice of security assignment relating to each of the 14 aircraft. The notice of security assignment will not contain any language that is non-standard referring to the Action or any other litigation and, specifically, the paragraph in the notice currently requested that refers to the Action and subordination will not be included in the executed notices, and no FAA filing of such notices will be made. The applicable forms will be attached to the Guaranty.

    b. Frontier's signatures referred to above will be held in escrow, but Frontier will provide (as a condition to the execution and delivery of the Guaranty) authorization to Carlyle to release such signatures upon release by the parties thereto of the fully executed and dated notice relating to such acknowledgement and, in the case of the three aircraft (the "**TL (D) Aircraft**") being moved into Maverick Aviation TL (D) Limited, the delivery to Frontier of the replacement lessor guaranty by Maverick Aviation Borrower 1 Ltd.

    c. Frontier will agree to execute and deliver a Master Assignment for each of the TL (D) Aircraft in substantially the form that will be attached to the Guaranty, subject to reasonable changes required by the owner trustee parties or FAA counsel. The form will not include descriptions of the Action in the FAA filed portion of the document (except to the extent FAA counsel advises that the relevant language cannot be redacted). The form will not include the words "and will continue to have" referring to the net worth of the lessor guarantor in the Master Assignment or in the lessor guaranty form attached to it, and the form of lessor guaranty will not include the requested sentence that starts "For clarity, the "Guaranteed Obligations" include…". Frontier will cooperate to expeditiously transfer the trusts to TL (D).

    d. Frontier will agree to execute and deliver an owner participant assignment agreement, or an owner trustee and owner participant assignment agreement (as applicable) to effect the sale of the four aircraft identified to them to be sold to third parties (the "**Sale Aircraft**") in a form that will be a market standard form, and will provide that no claim or liability in respect of the Action will be assigned to or assumed by a third party buyer entity (e.g., the new owner participant or new guarantor), and all such claim or liability will be retained by the prior owner participant and related lessor guarantor. The forms for each of such aircraft will be attached to the Guaranty, subject to reasonable changes required by the owner trustee parties or FAA counsel.

    e. With respect to the aircraft that are not TL (D) Aircraft nor Sale Aircraft (the "**Other Aircraft**", provided that the Other Aircraft will include each TL (D) Aircraft or Sale Aircraft for which the anticipated transaction referred to above does not occur for any reason), Frontier will agree to execute and deliver documentation (i.e., security notice and acknowledgment, Master Assignment reflecting a change in owner trustee and/or owner participant to an affiliate with a replacement guaranty, or assignment of trustee and/or owner participant to a third party buyer) substantially in the same form as the applicable forms referred to

above in connection with financings or sales of such Other Aircraft, or other documentation containing customary market standard terms as they relate to Frontier, subject to receipt by Frontier of appropriate and market standard evidence of net worth of any applicable replacement guarantor (if any) as meeting the net worth required of a lessor guarantor under the applicable lease.

f.  Frontier will also agree to provide certificates of insurance and related broker's letters of undertaking for each such Other Aircraft reflecting the updated insurance requirements set forth in the documentation referred to in clause (c), (d) or (e), and on reasonable notice to Frontier, Frontier will locate the relevant Other Aircraft in a jurisdiction in the continental United States that is acceptable to the applicable lessor for purposes of promptly closing a transaction contemplated by this clause (c), (d) or (e).

g.  The Guaranty will include an agreed cap on Frontier's costs and expenses (including legal fees and expenses) relating to the transactions and documentation referred to above in clauses (c), (d), (e) and (f).

h.  The parties will appoint an aviation expert not affiliated with Carlyle or Frontier as an arbitrator for binding resolution of any dispute between Frontier and a lessor, owner participant, lessor guarantor or the Guarantor, or any of their affiliates (in each case so long as such entities are affiliates of the Guarantor), relating to the finalization or execution and delivery of any of the documentation referred to above in clause (c), (d), (e) or (f), or any other matter under the leases or relating to the Guaranty.

(6) A condition of this Guaranty is that both of the following actions are dismissed with releases for all parties in the actions captioned (i) *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited*, No. 22 Civ. 02943 (PAE), and (ii) *Carlyle Aviation Management Limited, et al. v. Frontier Airlines, Inc.*, No. 23 Civ. 04774 (PAE), both of which are pending in the United States District Court for the Southern District of New York.