# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FRONTIER AIRLINES, INC., | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-02943 (PAE) |
| AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, CARLYLE AVIATION MANAGEMENT LIMITED, MAVERICK AVIATION HOLDINGS LTD., MANCHESTER AVIATION FINANCE S.a.r.l., VERMILLION AVIATION HOLDINGS LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE, | |
| Defendants. | |

## <u>DECLARATION OF DAVID M. SCHOEGGL</u>

I, David M. Schoeggl, declare as follows:

1.      I am a shareholder at the law firm of Lane Powell P.C., outside litigation counsel for Plaintiff Frontier Airlines, Inc. ("Frontier") in this matter.  I have personal knowledge of the matters stated herein, and am otherwise competent to testify.

2.      Attached hereto as Exhibit 1 is a copy of Judge Stanton's Opinion and Order dated July 6, 2023 in case number 20 Civ. 9713 (LLS) granting in part and denying in part Defendants' motion for summary judgment.  The most significant portion of the order is that Frontier's breach of contract claim for violating the Framework Agreement is legally viable and raises material issues of fact that must be resolved at trial.

3.     After filing this lawsuit, various day-to-day administration items for the Aircraft Leases needed attention from Frontier.  To avoid Frontier's attention to these issues being construed as a waiver of Frontier's right to assert that the AMCK-Carlyle sale was void for violation of the notice upon transfer provisions of the Leases, Frontier directed all of its employees who dealt with lessor issues to include a detailed nonwaiver declaration in every communication with Carlyle.  This became cumbersome, so on July 13, 2022, I had a telephone call with Carlyle attorneys Freyda Mechlowicz and Jed Schwartz, in which I proposed that the parties agree to standard nonwaiver language to include in documents and communications.  Ms. Mechlowicz and Mr. Schwartz agreed to consider the proposal, and I offered to draft nonwaiver language for consideration.

4.     On July 18, 2022, I emailed counsel for Carlyle a draft nonwaiver agreement.  The draft stated that the agreement covered "day-to-day administration of the Lease Agreements and the Aircraft, including processing and administering lease returns, aircraft use reports, registration renewals, inspections, insurance certificates, consents, lease amendments, warranty and insurance claims, notices, and the like."  The key term expressing the purpose of the agreement was paragraph 5, which stated:

> The Parties also wish to ensure that any rights and defenses in connection with the claims asserted in the Lawsuit that may have arisen for either Party will not be waived or adversely affected by participating and cooperating in Lease Administration Activities. Accordingly, unless otherwise agreed to in a writing executed by the relevant Parties, no Party shall be treated as having waived any contractual or extra contractual rights by engaging or participating in any Lease Administration Activity during the term of this Agreement.

A copy of this draft agreement is attached as Exhibit 2.

5.     5.     On August 26, 2022, Mr. Schwartz responded with a markup of my draft nonwaiver agreement.  Without comment, he added the following to the definition of "lease

administration activities: "aircraft/lease financings and sales (and related beneficial interest transfers, notice and acknowledgments, updated insurance certificates and matters ancillary thereto)." He also proposed adding a sentence stating: "Accordingly, the Parties hereby confirm that they will continue to cooperate in good faith regarding all Lease Administration Activities." A copy of Carlyle's August 26, 2022 markup is attached hereto as Exhibit 3.

6.    Frontier accepted the changes proposed by Mr. Schwartz because the proposed added items did relate to normal lease administration and because paragraph 5 made clear that good-faith participation in such activities would not waive or adversely affect Frontier's rights in the leases or with regard to Lawsuit No. 1. A copy of the final signed Non-Waiver and Preservation of Rights Agreement was previously submitted as Exhibit 3 to the declaration of Freyda Mechlowicz (Dkt. 80). At the time, we were not aware of Carlyle's plans to refinance and sell all of the aircraft.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 12, 2023

David Schoeggl
_____
David Schoeggl