

**JED M. SCHWARTZ**
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5283
JSchwartz@milbank.com | milbank.com

July 18, 2023

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

    Re:    *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited, et al.*,
             No. 1:22-cv-02943 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

    We are co-counsel for certain remaining Defendants in the above-captioned action. Pursuant to Your Honor's Individual Practices Rule 4.B.2 and the Court's Order entered on July 12, 2023 (ECF No. 88), Defendants respectfully request that the Court issue an order granting Defendants' letter motion to seal Exhibits 1 and 2 to the Declaration of Jed M. Schwartz, filed contemporaneously herewith (filed unredacted as Exhibits B and C to the Declaration of Paul Lambert in Support of Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Application to Convert Temporary Restraining Order to Preliminary Injunction (ECF Nos. 87-2, 87-3)) (the "Sealed Exhibits").

    The Sealed Exhibits contain sensitive and confidential business information, which has been designated "Strictly Confidential" and "Not for Distribution" by certain Defendants, and further implicates the privacy and confidentiality interests of nonparties.

    Although there is a presumption in favor of public access to judicial documents, the Court may seal judicial documents if "closure is essential to preserve higher values and closure is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Even assuming the Sealed Exhibits are "judicial documents," there would be, at most, a weak presumption in favor of public access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (internal citation and quotation marks omitted). On the "continuum from

Honorable Paul A. Engelmayer                                          July 18, 2023
Page 2

matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance," the sensitive and confidential information contained in the Sealed Exhibits fall squarely into the latter category. *Id.* (internal citation and quotation marks omitted).

Here, Plaintiff asserts in its Reply Memorandum of Law in Support of Plaintiff's Application to Convert Temporary Restraining Order to Preliminary Injunction that it "offered to accept a backup guarantee from the Carlyle's ultimate parent company or another acceptable guarantor, or to accept a letter of credit or a bond in lieu of a backup guarantee." (ECF No. 83 at 4.) The Sealed Exhibits expose the identity of nonparties, their shares in other entities, and provide further details regarding Carlyle Aviation Management Limited's ("CAML") and Maverick Aviation (Ireland) DAC's ("Maverick") corporate structure. However, the identity of CAML's ultimate parent company and its corporate shares, or of Maverick's investors, is not dispositive to any issue before the Court and has no impact on the instant motion: the mere fact that Plaintiff has offered to accept a backup guarantee from an investor in Maverick or from CAML's upstream owner is all that is arguably relevant.

Therefore, "the privacy interests of those resisting disclosure" outweigh any presumed right by the public to have access. *Lugosch*, 435 F.3d at 120. The Second Circuit has emphasized the importance of nonparties' privacy interests when considering the public's right to access judicial documents. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (finding that the privacy interests of innocent third parties "establish a 'venerable common law exception to the presumption of access'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995)). The Second Circuit has also considered "higher values" justifying sealing to include the "interest in protecting confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing of confidential business information where disclosure would result in "financial harm"). Both interests are present here. The Sealed Exhibits not only contain information that, if disclosed, would invade the privacy interests of nonparties, including entity ownership in shares, but also would consequently reveal confidential business information.

For the foregoing reasons, we respectfully request that the Court grant Plaintiff's letter motion to seal.

                                           Respectfully submitted,

                                           */s/ Jed M. Schwartz*
                                           Jed M. Schwartz

cc:      Counsel of Record (via ECF)

                             Granted. SO ORDERED.

                                                               *Paul A. Engelmayer*
                                                                PAUL A. ENGELMAYER
                                                                United States District Judge
                       MILBANK LLP                        July 19, 2023