## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>AMCK AVIATION HOLDINGS IRELAND LIMITED, ACCIPITER INVESTMENT 4 LIMITED, VERMILLION AVIATION (TWO) LIMITED, ACCIPITER HOLDINGS DAC, CARLYLE AVIATION MANAGEMENT LIMITED, MAVERICK AVIATION HOLDINGS LIMITED, MANCHESTER AVIATION FINANCE S.A.R.L., VERMILLION AVIATION HOLDINGS LIMITED, WELLS FARGO TRUST COMPANY, N.A., solely in its capacity as OWNER TRUSTEE, and UMB BANK, N.A., solely in its capacity as OWNER TRUSTEE,<br><br>                    Defendants. | Case No. 1:22-cv-02943 (PAE)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants Wells Fargo Trust Company, N.A., not in its individual capacity, but solely in its capacity as Owner Trustee ("Wells Fargo"), UMB Bank, N.A., not in its individual capacity, but solely in its capacity as Owner Trustee ("UMB"), Accipiter Investments Aircraft 4 Limited ("Accipiter"), Vermillion Aviation (Two) Limited ("Vermillion"), and Accipiter Holdings DAC ("Accipiter Holdings"), collectively, the remaining defendants in this action ("Defendants"), by and through their undersigned attorneys, hereby answer Plaintiff's Second Amended Complaint dated September 16, 2022 (the "SAC"), as follows:

## SUMMARY OF THE ACTION[1]

1.      Paragraph 1 sets forth Plaintiff's characterization of their purported claims and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 1.

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, except admit that Frontier is a U.S.-based passenger airline that operates commercial passenger aircraft leased from various aircraft lessors, that AMCK Aviation Holdings Ireland Limited ("AMCK") was an international aircraft leasing company, that prior to 2021, AMCK owned and leased over 100 aircraft, including fifteen that were leased to Frontier, and that AMCK sold a portion of its assets to Manchester Aviation Finance S.à r.l. ("Manchester") in 2021.  Defendants further admit that Paragraph 2 partially quotes an announcement, refer to that announcement for its complete and accurate contents, and deny any allegations inconsistent therewith.

3.      Defendants deny the allegations set forth in Paragraph 3.

4.      Defendants deny the allegations set forth in Paragraph 4, refer to each of the Leases (defined below) for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth

---

[1] Defendants do not admit that the SAC's headings or subheadings are accurate or appropriate and includes them solely for ease of review.  To the extent that any heading or subheading can be read to contain factual allegations, Defendants deny each of them.  Defendants object to the entirety of the SAC as violative of Federal Rule of Civil Procedure 8(a)(2) in that it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief.

of the allegations set forth in Paragraph 6, except admit that Frontier and AMCK are parties to a Framework Agreement, refer to the Framework Agreement for its complete and accurate contents, and deny any allegations inconsistent therewith.

7.      Defendants deny the allegations set forth in Paragraph 7, except admit that Frontier brought an action before the United States District Court for the Southern District of New York, captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ir. Ltd. et al.*, No. 20-cv-9713 (LLS) (S.D.N.Y.).

8.      Defendants deny the allegations set forth in Paragraph 8.

9.      Defendants deny the allegations set forth in Paragraph 9, except admit that AMCK transferred certain assets to Manchester.

10.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, except admit that in or about December 2021, AMCK transferred its ownership interest in Manchester to Vermillion Holdings.

11.      Defendants deny the allegations set forth in Paragraph 11, except admit that in April 2022, Vermillion Holdings transferred Manchester and another company that was the shareholder of Accipiter Holdings to Maverick Aviation Holdings Ltd. ("Maverick"), and Carlyle Aviation Management Limited ("CAML") thereafter became "Lease Manager" or "Servicer" for the Leases, as those terms are defined in the Leases, and refer to the Leases for its complete and accurate contents and deny any allegations inconsistent therewith.

12.      Defendants deny the allegations set forth in Paragraph 12.

13.      Defendants deny the allegations set forth in Paragraph 13.

14.      Defendants deny the allegations set forth in Paragraph 14, except admit that fourteen individual lease agreements between Frontier and certain Defendants (the "Leases") and

a participation agreement relating to one of the remaining fourteen Leases (the "Participation Agreement") exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

15.    Defendants deny the allegations set forth in Paragraph 15, except admit that the Framework Agreement and Tripartite Agreement exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

16.    Defendants deny the allegations set forth in Paragraph 16, except admit that Frontier learned of any transfer well before such transfer was consummated.

17.    Paragraph 17 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 17.

18.    Paragraph 18 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 18.

## PARTIES, JURISDICTION, AND VENUE

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, except admit that AMCK is a company incorporated under the laws of Ireland and headquartered in Dublin Ireland, that the Framework Agreement exists, that the Framework Agreement states AMCK Holdings and Frontier are parties to the Framework Agreement, and refer to that document for its complete and accurate contents and deny any allegations inconsistent therewith.

21.    Defendants admit that Accipiter is a company incorporated in Ireland, and deny the remaining allegations set forth in the first sentence of Paragraph 21.  Defendants further admit that

Accipiter is the Owner Participant for fourteen of the fifteen aircraft Leases executed by Frontier and AMCK, and serves as Guarantor for six of those transactions.[2]

22.    Defendants admit that Accipiter Holdings is a company incorporated in Ireland, and deny the remaining allegations set forth in the first sentence of Paragraph 22.  Defendants further admit that Accipiter Holdings serves as Guarantor for seven Leases involving Accipiter as Owner Participant.

23.    Defendants admit that Vermillion is a company incorporated in Ireland, and deny the remaining allegations set forth in the first sentence of Paragraph 23.  Defendants further admit that Vermillion is the Owner Participant for one aircraft leased by Frontier, and prior to the sale of a portion of its assets to Vermillion Holdings in 2021, Vermillion was wholly owned by AMCK Holdings.

24.    Defendants admit that Wells Fargo Trust Company, N.A., not in its individual capacity, but solely in its capacity as Owner Trustee (defined throughout as "Wells Fargo"), is a national banking association with its designated main office in Ogden, Utah, and deny the remaining allegations set forth in the first sentence of Paragraph 24.  Defendants further admit that Wells Fargo is Lessor and Owner Trustee of six aircraft under the Leases.[3]

25.    Defendants admit that UMB Bank, N.A., not in its individual capacity, but solely in its capacity as Owner Trustee (defined throughout as "UMB"), is a national banking association headquartered in Kansas City, Missouri, and deny the remaining allegations set forth in the first sentence of Paragraph 25.  Defendants further admit that UMB is Lessor and Owner Trustee of

---

[2] The Lease for one Aircraft involving Accipiter as Guarantor has now expired.

[3] The Lease for one aircraft leased by Frontier, as to which Wells Fargo was Lessor and Owner Trustee, has now expired.  As a result, there are currently 14 aircraft leased to Frontier pursuant to the Leases.

eight aircraft under the Leases.

26.     Defendants admit that Defendants Wells Fargo and UMB are named solely in their capacity as Owner Trustees under certain Leases.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, except admit that CAML is a company organized and existing under the laws of Bermuda with its principal place of business in Dublin, Ireland, and serves as "Lease Manager" or "Servicer" for the Leases, as those terms are defined in the Leases, and refer to the Leases for their complete and accurate contents and deny any allegations inconsistent therewith.

28.     Defendants deny the allegations set forth in Paragraph 28.

29.     Defendants admit the allegations set forth in the first two sentences of Paragraph 29, and deny the remaining allegations set forth in Paragraph 29.

30.     Defendants admit the allegations set forth in the first sentence of Paragraph 30, and deny the remaining allegations set forth in Paragraph 30.

31.     Paragraph 31 describes the naming convention used by Plaintiff in the SAC, to which no response is required.  Furthermore, the naming convention described in Paragraph 31 is inconsistent with other parts of the SAC.

32.     Paragraph 32 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 32.

33.     Paragraph 33 states legal conclusions to which no response is required.

34.     Paragraph 34 states legal conclusions to which no response is required.

35.     Paragraph 35 states legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the documents identified in Paragraph 35 for

their complete and accurate contents and deny any allegations inconsistent therewith.

36.    Paragraph 36 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 36

## FACTUAL ALLEGATIONS

A.    **The Sale Leaseback Structure**

37.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, except admit that aircraft leasing through sale and leaseback arrangements is a method by airlines to finance new aircraft acquisitions.

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38.

39.    Paragraph 39 states legal conclusions to which no response is required, except Defendants admit that Defendants UMB and Wells Fargo, in their capacity as Owner Trustees, act as Lessors to the aircraft Leases, and that Defendants Accipiter and Vermillion are foreign companies and Owner Participants under the Leases.  Defendants further admit that aircraft owner trusts are used in the aircraft leasing industry in the United States.

40.    Paragraph 40 states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that that the counterparty Lessor to each of the Leases is either Defendant UMB or Defendant Wells Fargo, each not in their individual capacities, but solely as Owner Trustees under the terms of a related trust agreement, and that there is a guarantee in respect of the obligations of the Lessor under each Lease executed by either Accipiter, Accipiter Holdings or Vermillion.

41.    Defendants deny the allegations set forth in Paragraph 41, except admit that the Guarantees exist, refer to the Guarantees for their complete and accurate contents, and deny any

allegations inconsistent therewith.

42.     Paragraph 42 states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the commercial aviation industry is heavily regulated, refer to the Leases for their complete and accurate contents, and deny any allegations inconsistent therewith.

43.     Defendants admit AMCK was the "Lease Manager" or "Servicer" for the fifteen Frontier Leases, as those terms are defined in the Leases, and refer to the Leases for their complete and accurate contents, and deny any allegations inconsistent therewith.

44.     Defendants deny the allegations set forth in Paragraph 44, except admit that on or about April 13, 2022, Frontier received notice of certain transactions, refer to that notice for its complete and accurate contents, and deny any allegations inconsistent therewith.

45.     Defendants deny the allegations set forth in Paragraph 45, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

**B.      The Lease Agreements Protect Frontier in the Event of a Change in Ownership**

46.     Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 46, except admit that leasing companies trade their aircraft.

47.     The first sentence of Paragraph 47 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of Paragraph 47.  Defendants deny the allegations in the remainder of Paragraph 47, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

48.     Defendants deny the allegations in the first three sentences of Paragraph 48.  The last sentence of Paragraph 48 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

49.     Defendants deny knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 49.

50.     Paragraph 50 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

51.     Defendants admit the allegations in the first sentence of Paragraph 51 and refer to those thirteen substantially similar Leases as "Lease Form 1" herein.  Defendants deny the allegations in the second sentence of Paragraph 51, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

52.     Defendants deny the allegations set forth in Paragraph 52, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

53.     Defendants deny the allegations set forth in Paragraph 53, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

54.     Defendants deny the allegations set forth in Paragraph 54.

55.     Paragraph 55 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 55.

56.     Defendants deny the allegations set forth in Paragraph 56, except admit that the Guarantees and the Participation Agreement exists, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

57.     Defendants deny the allegations set forth in Paragraph 57, except admit that the Leases exist, and refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

58.     Defendants deny the allegations set forth in Paragraph 58, except admit that the Guarantees exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

59.     Defendants deny the allegations set forth in Paragraph 59, except admit that the Guarantees exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

60.     Defendants deny the allegations set forth in Paragraph 60, except admit that the Guarantees exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

61.     Defendants deny the allegations set forth in Paragraph 61, except admit that the Participation Agreement relating to one aircraft exists, refer to that document for its complete and accurate contents, and deny any allegations inconsistent therewith.

62.     Defendants deny the allegations set forth in Paragraph 62, except admit that the Participation Agreement exists, refer to that document for its complete and accurate contents, and deny any allegations inconsistent therewith.

**C.    Frontier Learns of the Fraudulent Transfer of AMCK's Assets and the Carlyle Transaction.**

63.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 63, except admit that Frontier became aware of the referenced transaction prior to its closing.  Defendants deny the allegations in the second sentence of Paragraph 63.

64.    Defendants deny the allegations set forth in Paragraph 64, except admit that it partially quotes a press release, refer to that document for its complete and accurate contents, and deny any allegations inconsistent therewith.

65.    Defendants deny the allegations set forth in Paragraph 65, except admit that it references content from a press release, refer to that document for its complete and accurate contents, and deny any allegations inconsistent therewith.

66.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66, except admit that Maverick and CK Asset Holdings Limited agreed on a sale structure and executed a sale agreement relating to AMCK's portfolio of assets.

67.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67.

68.    Defendants deny the allegations set forth in Paragraph 68.

69.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69, except admit that in or about December 2021, AMCK transferred its ownership interest in Manchester to Vermillion Holdings.

70.    Defendants deny the allegations set forth in Paragraph 70.

71.    Paragraph 71 describes the naming convention used by Plaintiff in the SAC, to

which no response is required.

72.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.     Defendants deny the allegations set forth in Paragraph 73, except admit that in December 2021, AMCK transferred its ownership in certain corporate entities to Manchester and later transferred its ownership interest in Manchester to Vermillion Holdings.

74.     Defendants admit that Frontier brought an action before the United States District Court for the Southern District of New York, captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ir. Ltd. et al.*, No. 20-cv-9713 (LLS) (S.D.N.Y.) on December 18, 2020.

75.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75, except admit that, in December 2021, AMCK transferred its ownership in certain corporate entities to Manchester.

76.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.     Defendants deny the allegations set forth in Paragraph 81.

82.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83, except admit that an entity called "Accipiter Aviation Holdings DAC" was not named as a defendant in the action before the United States District Court for the Southern District of New York, captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ir. Ltd. et al.*, No. 20-cv-9713 (LLS) (S.D.N.Y.).

84.     Defendants deny the allegations set forth in Paragraph 84.

85.     Defendants deny the allegations set forth in Paragraph 85.

86.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 86, except deny that there was a transfer of beneficial ownership of Frontier's lessors, and deny the allegations set forth in the second sentence of Paragraph 86.

**D.    Frontier Requests Information Regarding the Carlyle Transaction but AMCK Refuses to Provide Any Information.**

87.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87.

88.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88, except admit that a letter dated on or about January 4, 2022 exists, refer to that letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

89.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89, except admit that a letter dated on or about February 3, 2022 exists, refer to that letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

90.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90, except admit that a letter dated on or about March 4, 2022 exists, refer to that letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

91.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91, except admit that a letter dated on or about March 21, 2022 exists, refer to that letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

92.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92, except admit that a letter dated on or about March 21, 2022 exists, refer to that letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

93.    Defendants deny the allegations set forth in Paragraph 93.

94.    Defendants deny the allegations set forth in Paragraph 94.

95.    Defendants deny the allegations set forth in Paragraph 95.

96.    Defendants deny the allegations set forth in Paragraph 96.

97.    Defendants deny the allegations set forth in Paragraph 97.

**E.    AMCK and Carlyle Purport to Notify Frontier of a Change in Lease Manager, Without Providing the Required Assurances**

98.    Defendants deny the allegations set forth in Paragraph 98, except admit that a letter dated on or about March 30, 2022 exists, refer to that letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

99.    Defendants deny the allegations set forth in Paragraph 99, except admit that a letter dated on or about March 30, 2022 exists, refer to that letter for its complete and accurate contents,

and deny any allegations inconsistent therewith.

100.    Paragraph 100 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 100.

101.    Defendants deny the allegations in set forth Paragraph 101, except admit that a letter dated on or about March 30, 2022 exists, refer to that letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

102.    Defendants deny the allegations set forth in Paragraph 102, except admit that a letter dated on or about March 30, 2022 exists, refer to that letter for its complete and accurate contents, and deny any allegations inconsistent therewith.

103.    Defendants deny the allegations set forth in Paragraph 103, except admit that a transaction closed on or about April 12, 2022.

104.    Defendants deny the allegations set forth in Paragraph 104, except admit that on or about April 13, 2022, certain notices were served on Frontier, refer to those notices for their complete and accurate contents, and deny any allegations inconsistent therewith.

105.    Defendants deny the allegations set forth in Paragraph 105, except admit that on or about April 13, 2022, certain notices were served on Frontier, refer to those notices for their complete and accurate contents, and deny any allegations inconsistent therewith.

106.    Defendants deny the allegations set forth in Paragraph 106, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

107.    Defendants deny the allegations set forth in Paragraph 107.

108.    Defendants deny the allegations set forth in Paragraph 108, except admit that on or about April 13, 2022, certain notices were served on Frontier, refer to those notices for their

complete and accurate contents, and deny any allegations inconsistent therewith.

109.    Defendants deny the allegations set forth in Paragraph 109, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

110.    Defendants deny the allegations set forth in Paragraph 110, except admit that on or about April 13, 2022, certain notices were served on Frontier, refer to those notices for their complete and accurate contents, and deny any allegations inconsistent therewith.

111.    Defendants deny the allegations set forth in Paragraph 111.

112.    Defendants deny the allegations set forth in Paragraph 112, except admit that on or around April 21, 2022, Frontier sent a letter response to certain notices, refer to that letter and those notices for their complete and accurate contents, and deny any allegations inconsistent therewith.

113.    Defendants deny the allegations in set forth Paragraph 113, except admit that on or around April 21, 2022, Frontier sent a letter response to certain notices, refer to that letter and those notices for their complete and accurate contents, and deny any allegations inconsistent therewith.

114.    Defendants deny the allegations set forth in Paragraph 114.

115.    Defendants deny the allegations set forth in Paragraph 115.

116.    Defendants deny the allegations set forth in Paragraph 116.

117.    Defendants deny the allegations set forth in Paragraph 117, except admit that on or about June 1, 2022, certain notices were served on Frontier, refer to those notices for their complete and accurate contents, and deny any allegations inconsistent therewith.

118.    Defendants deny the allegations set forth in Paragraph 118.

119.    Defendants deny the allegations set forth in Paragraph 119, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

120.    Defendants deny the allegations set forth in Paragraph 120, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

121.    Defendants deny the allegations set forth in Paragraph 121, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

122.    Defendants deny the allegations set forth in Paragraph 122.

123.    Defendants deny the allegations set forth in Paragraph 123.

124.    Defendants deny the allegations set forth in Paragraph 124.

## FIRST CLAIM FOR RELIEF

125.    Defendants restate and adopt their responses to Paragraphs 1 through 124.

126.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126, except admit that the applicable Lessors and Frontier entered into fifteen valid Leases, one of which has now expired, and that the applicable guarantors and Frontier entered into Guarantees relating to each of such fifteen Leases, and that there is a Participation Agreement relating to one of the remaining fourteen Leases.

127.    Defendants admit that Leases and Guarantees for fourteen of the aircraft leased to Frontier are in full force, and a Participation Agreement for one of such aircraft is in full force, except that a lease for one of the fifteen aircraft expired in July 2022, and that aircraft was subsequently returned to its owner.

128.    Defendants deny the allegations set forth in Paragraph 128.

129.    Defendants deny the allegations set forth in Paragraph 129, except admit that the Leases exist, refer to those documents for their complete and accurate contents, and deny any allegations inconsistent therewith.

130.    The last sentence of Paragraph 130 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in the last sentence of Paragraph 130, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 130.

131.    Paragraph 131 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 131.

132.    Paragraph 132 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 132.

133.    Paragraph 133 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 133.

134.    Paragraph 134 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 134.

135.    Paragraph 135 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 135.

136.    Paragraph 136 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 136.

137.    Paragraph 137 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 137.

138.    Paragraph 138 states legal conclusions to which no response is required.  To the

extent a response is required, Defendants deny the allegations set forth in Paragraph 138.

## SECOND CLAIM FOR RELIEF

139.    Defendants restate and adopt their responses to Paragraphs 1 through 138.

140.    This claim for relief has been dismissed, and, therefore, no response is required.

141.    This claim for relief has been dismissed, and, therefore, no response is required.

142.    This claim for relief has been dismissed, and, therefore, no response is required.

143.    This claim for relief has been dismissed, and, therefore, no response is required.

144.    This claim for relief has been dismissed, and, therefore, no response is required.

145.    This claim for relief has been dismissed, and, therefore, no response is required.

146.    This claim for relief has been dismissed, and, therefore, no response is required.

147.    This claim for relief has been dismissed, and, therefore, no response is required.

148.    This claim for relief has been dismissed, and, therefore, no response is required.

149.    This claim for relief has been dismissed, and, therefore, no response is required.

150.    This claim for relief has been dismissed, and, therefore, no response is required.

## THIRD CLAIM FOR RELIEF

151.    This claim for relief has been dismissed, and, therefore, no response is required.

152.    This claim for relief has been dismissed, and, therefore, no response is required.

153.    This claim for relief has been dismissed, and, therefore, no response is required.

154.    This claim for relief has been dismissed, and, therefore, no response is required.

155.    This claim for relief has been dismissed, and, therefore, no response is required.

156.    This claim for relief has been dismissed, and, therefore, no response is required.

157.    This claim for relief has been dismissed, and, therefore, no response is required.

158.    This claim for relief has been dismissed, and, therefore, no response is required.

159.   This claim for relief has been dismissed, and, therefore, no response is required.

160.   This claim for relief has been dismissed, and, therefore, no response is required.

161.   This claim for relief has been dismissed, and, therefore, no response is required.

## FOURTH CLAIM FOR RELIEF

162.   This claim for relief has been dismissed, and, therefore, no response is required.

163.   This claim for relief has been dismissed, and, therefore, no response is required.

164.   This claim for relief has been dismissed, and, therefore, no response is required.

165.   This claim for relief has been dismissed, and, therefore, no response is required.

166.   This claim for relief has been dismissed, and, therefore, no response is required.

167.   This claim for relief has been dismissed, and, therefore, no response is required.

168.   This claim for relief has been dismissed, and, therefore, no response is required.

169.   This claim for relief has been dismissed, and, therefore, no response is required.

170.   This claim for relief has been dismissed, and, therefore, no response is required.

171.   This claim for relief has been dismissed, and, therefore, no response is required.

172.   This claim for relief has been dismissed, and, therefore, no response is required.

173.   This claim for relief has been dismissed, and, therefore, no response is required.

174.   This claim for relief has been dismissed, and, therefore, no response is required.

175.   This claim for relief has been dismissed, and, therefore, no response is required.

176.   This claim for relief has been dismissed, and, therefore, no response is required.

177.   This claim for relief has been dismissed, and, therefore, no response is required.

178.   This claim for relief has been dismissed, and, therefore, no response is required.

## FIFTH CLAIM FOR RELIEF

179.   This claim for relief has been dismissed, and, therefore, no response is required.

180.    This claim for relief has been dismissed, and, therefore, no response is required.

181.    This claim for relief has been dismissed, and, therefore, no response is required.

182.    This claim for relief has been dismissed, and, therefore, no response is required.

183.    This claim for relief has been dismissed, and, therefore, no response is required.

184.    This claim for relief has been dismissed, and, therefore, no response is required.

185.    This claim for relief has been dismissed, and, therefore, no response is required.

186.    This claim for relief has been dismissed, and, therefore, no response is required.

187.    This claim for relief has been dismissed, and, therefore, no response is required.

188.    This claim for relief has been dismissed, and, therefore, no response is required.

## PRAYER FOR RELIEF

1.    Defendants state that no response is required to Plaintiff's first claim for relief.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the SAC, or any relief at all.

2.    Defendants state that Plaintiff's second claim for relief has been dismissed pursuant to the Order such that no response is required.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the SAC, or any relief at all.

3.    Defendants state that Plaintiff's third claim for relief has been dismissed and, therefore, no response is required.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the SAC, or any relief at all.

4.    Defendants state that Plaintiff's fourth claim for relief has been dismissed and, therefore, no response is required.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the SAC, or any relief at all.

5.    Defendants state that Plaintiff's fifth claim for relief that has been dismissed

pursuant to the Order such that and, therefore, no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the SAC, or any relief at all.

6. Defendants state that no response is required to Plaintiff's demand for relief. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the SAC, or any relief at all.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### First Defense

Plaintiff's claims are barred in whole or in part for failure to state a claim.

### Second Defense

Plaintiff's remaining claim is barred because it has not suffered any losses or damages proximately caused by the conduct of Defendants.

### Third Defense

Plaintiff's remaining claim is barred by the doctrine of equitable estoppel.

### Fourth Defense

Plaintiff's remaining claim is barred in whole or in part by the doctrines of laches, waiver, consent, release, estoppel, unclean hands, ratification and/or unconscionability.

## Fifth Defense

Plaintiff's remaining claim is barred by the doctrine of assumption of the risk.

## Sixth Defense

Plaintiff's claims are barred in whole or in part because the claims for alleged damages are too speculative and too attenuated, and because it is impossible to ascertain or allocate the alleged damages.

## Seventh Defense

Plaintiff is not entitled to compensatory, consequential, or statutory damages or attorney's fees.

## Eighth Defense

Plaintiff's remaining claim is barred in whole or in part because Plaintiff has failed to mitigate any damages it may have suffered, if in fact Plaintiff sustained any damages, which Defendants expressly deny, and any recovery by Plaintiff must be barred or reduced by reason thereof.

## Ninth Defense

Plaintiff's remaining claim is barred in whole or in part by the covenant of good faith and fair dealing.

## Tenth Defense

Plaintiff's remaining claim is barred in whole or in part by satisfaction or partial satisfaction.

## Eleventh Defense

The remaining claim against Defendants may be barred, in whole or in part, by the acts, wrongs, omissions, and/or negligence of other Defendants, individuals, or entities with respect to

which Defendants are not liable.

## Twelfth Defense

Plaintiff's remaining claim is barred in whole or in part by the limitation of liability clauses in the relevant Leases.

## Thirteenth Defense

Plaintiff's remaining claim is barred in whole or in part by the transfer provisions in the relevant Leases.

## Fourteenth Defense

Defendants hereby give notice that they intend to rely upon such other and further defenses, counterclaims, cross-claims, and third-party claims not asserted herein as may become available or apparent during the proceedings in this case and hereby reserve all rights to assert such defenses, counterclaims, cross-claims, and third-party claims.

Dated:  July 26, 2023
       New York, New York

**MILBANK LLP**

*/s/ Jed M. Schwartz*

Jed M. Schwartz
Samantha A. Lovin
Emily Werkmann
55 Hudson Yards
New York, New York 10001
Tel: (212) 530-5000
JSchwartz@milbank.com
SLovin@milbank.com
EWerkmann@milbank.com

**CLIFFORD CHANCE US LLP**

*/s/ Jeff E. Butler*

Jeff E. Butler
John P. Alexander
Gege Weinberg
31 West 52nd Street
New York, New York 10019
Tel: (212) 878-8000
jeff.butler@cliffordchance.com
john.alexander@cliffordchance.com
gege.weinberg@cliffordchance.com

*Counsel for Defendants*