

Eric B. Fisher
Binder & Schwartz LLP          (T) 212.933.4551
675 Third Avenue  26th Floor    (F) 212.510.7299
New York, NY 10017              efisher@binderschwartz.com

August 3, 2023

By ECF

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

> Re: *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd., et al.*, No. 1:22-cv-02943 [rel. 1:23-cv-04774] (PAE) – Frontier's Opposition to Defendants' Letter Request for Expedited Briefing

Dear Judge Engelmayer:

    We represent Frontier Airlines, Inc. ("Frontier") in the above-captioned proceeding.

    Yesterday evening, Defendants filed a motion to alter or amend the Court's July 18, 2023 Temporary Restraining Order and subsequent Preliminary Injunction (ECF No. 108). In a letter accompanying the motion (ECF No. 111), Defendants ask the Court to shorten Frontier's time to respond to three business days. Frontier respectfully requests that the Court reject the request to put this new motion on an expedited schedule, and instead proceed as originally planned at the scheduled August 10 conference next week.

    The bulk of Defendants' motion is not a motion to alter or amend a judgment, it is a motion for reconsideration. Section I of Defendants' brief accuses the Court of "mis-apprehending the facts" and creating "clear error" and "manifest injustice"—even though an initial reading of this section shows that it is simply a rehashing of arguments the Court has previously considered. Nowhere in this section do Defendants raise new facts or arguments, as is required for a Rule 59(e) motion. *See Feldman L. Grp. P.C. v. Liberty Mut. Ins. Co.*, 819 F. Supp. 2d 247, 265 (S.D.N.Y. 2011) ("A Rule 59(e) motion may not be used to relitigate old matters, or raise arguments that could have been raised prior to the entry of judgment.") (internal alterations and quotation marks omitted), *aff'd*, 476 F. App'x 913 (2d Cir. 2012); 11 Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Fed. Practice & Procedure* § 2810.1 at 127–28 (2d ed. 1995). The portion of the motion seeking reargument of issues already directly presented to the Court is untimely because it was served fifteen days after the Court's July 18, 2023 ruling converting the TRO to a preliminary injunction. Local Rule 6.3 requires that reconsideration motions "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."[1] Even if the Court were willing to entertain

---

[1] Rule 6.3 also states that "[n]o oral argument shall be heard [on a motion for reconsideration] unless the Court



Defendants' request for reconsideration based on their allegations that the Court "misapprehended" the facts presented on July 18, there is no reason Frontier should not be given the prescribed 14 days to respond under Local Rule 6.2(b)(2). Having taken fifteen days to prepare the motion, requiring an expedited response from Frontier would be unfair. Defendants gave Frontier no advance notice of their motion, and they did not advise counsel that it was about to be filed when Frontier reached out to Defendants earlier this week to request permission for Mr. Schoeggl to attend the upcoming hearing telephonically.

Frontier agrees that the last 1½ pages of Defendants' motion—a presentation of a proposed revised guarantee—concerns a matter that may properly be considered in a Rule 59(e) motion at the August 10 conference. As the Court has indicated, Defendants could eliminate the basis for the preliminary injunction by giving Frontier security for a judgment in the case pending before Judge Stanton, such as a "durable ironclad guarantee that, once committed to, is outside defendants' control and assures a recovery." *See* July 18, 2023 Tr. at 21:15-17. Although Defendants only provided the guarantee proposal to Frontier 24 hours before filing it with the Court, Frontier will be prepared to address the sufficiency of the guarantee at the August 10 conference and is also prepared to submit a letter setting forth in writing its position on the guarantee in advance of the conference. Frontier proposes that it submit such a letter by August 8, 2023.

Accordingly, the Court should deny Defendants' request for expedited briefing of its motion to alter or amend the judgment.

Very truly yours,

Eric B. Fisher

cc:   All Counsel of Record (via ECF)

---

directs that the matter shall be reargued orally." Defendants' request for an expedited schedule takes for granted that there will be oral argument at the August 10 hearing, when the default rule is that there will be none.