# Exhibit 2
# (Redacted)

~~Milbank Draft 8/4/23~~

# GUARANTY

THIS GUARANTY (this ~~"~~"Guaranty~~")~~"), dated as of [___], ___, 2023, by ~~MAVERICK AVIATION (IRELAND) DESIGNATED ACTIVITY COMPANY ("~~ ████████ "Guarantor~~")~~") in favor of FRONTIER AIRLINES, INC. (the ~~"~~"Beneficiary~~")~~").

WHEREAS, *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited, et al.*, No. 20 Civ. 9713 (LLS), is pending in the United States District Court for the Southern District of New York (the "**Action**"); and

WHEREAS, nothing in this Guaranty or the Joinder of Guaranty below is intended to be, or should be construed as, an admission of the entitlement to, or amount of, any damages or other amounts the Beneficiary seeks in the Action.

NOW, THEREFORE, Guarantor hereby agrees:

**Section 1.   Defined Terms; Rules of Construction**.

(a) **Defined Terms**. The following capitalized terms shall have the meanings set forth below:

"**Business Day**" means any day (other than a Saturday or Sunday) on which commercial banks are not authorized or required to close in New York, New York.

"~~Defendant~~Defendants" means ~~a defendant~~any or all defendants in the Action as of the date of this Guaranty.

"**Guaranteed Amounts**" means all amounts owed (if any) by a Defendant, to the extent such amount has been determined to be owed to Frontier in the Action pursuant to a final, non-appealable judgment~~ (including, to the extent such defendant is a debtor in a bankruptcy, any such amounts described in the foregoing that are allowed claims in such bankruptcy case)~~.

"**Lease**" or "**Leases**" means ~~each~~any or all of the aircraft operating leases between Beneficiary, as lessee, and Wells Fargo Trust Company, N.A. or UMB Bank, N.A., as applicable, in each case not in its individual capacity but solely as owner trustee, as lessor, in respect of the aircraft described on Exhibit ~~B~~A, as each such lease may be amended, supplemented, amended and restated, assigned, novated or otherwise modified from time to time.

"**Payment Date**" means, with respect to any portion of the Guaranteed Amounts, a date during the Payment Period that is 10 Business Days after Beneficiary has made a written demand to Guarantor for payment of such Guaranteed Amounts, provided that prior to the written demand to Guarantor, Beneficiary has demanded such Guaranteed Amounts from ~~the~~a Defendant that owes such amount pursuant to an enforceable money judgment, and

on such 30th day Beneficiary has not received payment of such Guaranteed Amounts from or on behalf of such Defendant.

"**Payment Period**" means the period beginning on (and including) the date hereof through (and excluding) the Termination Date.

"**Termination Date**" means the earliest date on which one of the following occurs: (a) the satisfaction in full of ~~any~~all money ~~judgment~~judgments in favor of Frontier in the Action, (b) the determination in final, non-appealable judgments that no amounts are payable to Frontier by any ~~defendant~~Defendant in the Action, or (c) the Action is settled ~~or (d) Frontier breaches any of its payment obligations under any of the Leases~~.

**Rules of Construction**.

(i) Unless otherwise indicated in context, all references to Sections, Schedules or Exhibits refer to a Section of, or a Schedule or Exhibit to, this Guaranty.

(ii) Words of the masculine, feminine or neuter gender shall mean and include the correlative words of other genders, and words in the singular shall include the plural, and vice versa.

(iii) The terms "include", "including" and similar terms shall be construed as if followed by the phrase "without limitation".

(iv) References to an agreement or other document (including this Guaranty) include references to such agreement or document as amended, replaced or otherwise modified (without, however, limiting the effect of the provisions of this Guaranty with regard to any such amendment, replacement or modification).

~~**Payment of Guaranteed Amounts**~~

~~Section 1.~~    **Section 2. Guaranty by Guarantor**.

~~During~~(a) From and after the ~~Payment Period~~date of this Guaranty, Guarantor hereby irrevocably and unconditionally ~~undertakes~~guarantees the due and punctual payment of all of the Guaranteed Amounts. If Defendants fail to pay ~~the~~any Guaranteed Amounts on each Payment Date for such Guaranteed Amounts~~.~~, then Guarantor hereby agrees to pay or cause to be paid, on demand, the Guaranteed Amounts to the same extent as if it were the primary obligor. Guarantor hereby agrees that its obligations hereunder shall be unconditional, irrespective of any circumstances, actions, omission or occurrence which may otherwise constitute a legal or equitable discharge or defense of a guarantor. This Guaranty is a guarantee of payment, and not of collectability.

Guarantor irrevocably and unconditionally waives to the extent permitted by law, any and all defenses available to guarantors and sureties including, without limitation: (1) presentment, protest, demand, notice of dishonor or notice of default, (2) any requirement that any other party

2

be joined as a party to any proceedings for the enforcement of any provision of this Guaranty, and (3) acceptance of this Guaranty by Beneficiary or any notice of intention to rely hereon.

(b)     Guarantor shall be subrogated to all rights of Beneficiary in respect of any amounts paid by Guarantor pursuant to the provisions of this Guaranty; provided, however, that Guarantor shall be entitled to enforce, or to receive any payments arising out of or based upon, such right of subrogation only after the Guaranteed Amounts Obligations have been performed or paid in full.

(c)     This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time during the Payment Period any payment with respect to the Guaranteed Amounts by a Defendant is rescinded or must otherwise be returned by Beneficiary upon the insolvency, bankruptcy or reorganization of a Defendant or otherwise, all as though such payment had not been made.

(d)     All payments under this Guaranty shall be made in full without set-off or counterclaim provided that there is no then outstanding Event of Default by Lessee under the Leases, and without any deduction or withholding in respect of Taxes unless required by any applicable law, or applicable regulation promulgated by any relevant governmental revenue authority, as then in effect.  If Guarantor is required to so deduct or withhold in accordance with this Section 12(d), then Guarantor will pay such additional amount as is necessary to ensure that the net amount actually received by Beneficiary will equal the full amount Beneficiary would have received had no such deduction or withholding been required.

Section 3.     **Representations and Warranties; Net Worth Covenant**.

(a)     Guarantor represents and warrants to Beneficiary that as of the date first set forth above (i)a)   Guarantor is a company duly incorporated and validly existing under the laws of Ireland whose address and principal place of business is at Connaught House 1 Burlington Road, Dublin 4, Ireland, (iib) has all requisite corporate power, and has all material governmental licenses, authorizations, consents and approvals, necessary to carry on its business as presently conducted, (iiic) it is duly authorized to execute, deliver and perform each and all of its obligations under this Guaranty; (ivd) this Guaranty constitutes the legal, valid, binding and enforceable obligation of Guarantor in accordance with its terms except as enforceability may be limited by bankruptcy, insolvency, examinership, reorganization, moratorium or similar laws and by general equitable principles; and (ve) Guarantor's execution, delivery and performance of this Guaranty do not violate or constitute a breach of its organizational documents or any agreement to which Guarantor is a party, or any applicable laws, orders, regulations, decrees or awards of any court, governmental authority or arbitral body.

(b)     Guarantor further represents and warrants to Beneficiary that itas of the date first set forth above Guarantor  has a total net worth as determined in accordance with U.S. GAAP equal to or greater than US$65,000,000, and covenants that it will have a total net worth as determined in accordance with U.S. GAAP equal to or greater than US$65,000,000 at all times from the date hereof until the Termination Date.

~~Upon written request by Beneficiary at any time from the date hereof until the Termination Date, but no more frequently~~ (c) No later than ~~once per~~ [____] days after each calendar quarter, Guarantor shall provide to Beneficiary a ~~net worth certificate in the form attached as Exhibit A~~ full set of audited financials (including explanatory footnotes) confirming its compliance with Section 3(b).

**Section 4.     Miscellaneous**.

**4.1     Expenses**. Guarantor agrees to be liable for the payment of all reasonable fees and expenses, including attorney's fees, incurred by Lessee in connection with the enforcement of this Guaranty.

**4.2     Notices**. ~~All notices to Guarantor under this Guaranty and~~ shall, until Beneficiary receives written notice to the contrary, be mailed or delivered to ████████████████████████████████████████████████████████████████ All notices shall be effective when received by the addressee thereof.

**4.3     Governing Law and Jurisdiction**.

(a)     This Guaranty shall be construed in accordance with, and this Guaranty and all matters arising out of or relating in any way whatsoever to this Guaranty (whether in contract, tort or otherwise) shall be governed by, the law of the State of New York.

(b)     With respect to any suit, action or proceedings relating to this Guaranty or any matter between the parties arising under or in connection with this Guaranty ~~("**Proceedings**"),~~ ("**Proceedings**"), Guarantor irrevocably: (i) submits to the non-exclusive jurisdiction of the Supreme Court of the State of New York sitting in the Borough of Manhattan and the United States District Court for the Southern District of New York, and any appellate court from any thereof; and (ii) waives any objection which it may have at any time to the laying of venue of any Proceedings brought in any such court, waives any claim that such Proceedings have been brought in an inconvenient forum and further waives the right to object, with respect to such Proceedings, that such court does not have any jurisdiction over such party.

**4.4     Waiver of Jury Trial Right**

**EACH PARTY HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY PROCEEDINGS.**

**4.5     Interpretation**. The headings of the sections and other subdivisions of this Guaranty are inserted for convenience only and shall not be deemed to constitute a part hereof.

**4.6     Termination**. This Guaranty shall continue in full force and effect until the Termination Date, at which time this Guaranty shall terminate immediately, without further action, and Guarantor shall be released immediately from all of its obligations hereunder, to the extent

4

arising from and after, or relating to the period after the Termination Date. In connection with any such termination, Beneficiary shall provide such documents of release or discharge as Guarantor may reasonably request.

**4.7    Counterparts.** This Guaranty may be executed by the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument. Delivery of a counterpart of this Guaranty by e-mail attachment (PDF) shall be an effective mode of delivery.

**4.8    Remedies Cumulative.** Beneficiary's rights and remedies under this Guaranty are in addition to other rights and remedies given by law independently hereof and may be exercised as often as necessary.

No failure on the part of Beneficiary to exercise, or delay on its part exercising any of its respective rights, powers and remedies provided by this Guaranty or by any applicable law (collectively the "**Rights**") shall operate as a waiver thereof, nor shall any single or partial waiver of any of the Rights preclude any further exercise of the Rights individually or generally.

**4.9    Currency of Payment**. ~~-~~Any payment to be made by Guarantor in respect of a Guaranteed ~~Amount~~Amounts shall be made ~~in~~ United States dollars.

**4.10    Service of Process.** Guarantor agrees that service of process in any action or proceeding under or related to this Guaranty may be effected by mailing a copy thereof by registered or certified mail or by overnight courier service, postage prepaid, to it at its address specified below or at such other address as notified by Guarantor to Beneficiary in writing, such service to become effective ten days after such mailing or delivery or, in the case of overnight courier service, immediately upon delivery. Guarantor agrees to promptly notify Beneficiary of any change in its address. Notwithstanding anything herein to the contrary, Guarantor hereby waives, to the fullest extent permitted by applicable law, the right to object to the service of process by Beneficiary with respect to any action or proceeding under or related to this Guaranty.



[Signature ~~page follows~~pages follow]

IN WITNESS THEREOF, the parties hereto have caused this Guaranty to be duly executed and delivered as of the day and year first above written.

**MAVERICK AVIATION (IRELAND) DESIGNATED ACTIVITY COMPANY**

███████████████████████████████████

By: _____

Name:

Title:

*[Signature Page –Guaranty]*

ACCEPTED AND AGREED BY:

**FRONTIER AIRLINES, INC.**

By: _____
Name: 
Title

*[Signature Page –Guaranty]*

_____

*[Signature Page –Guaranty]*

EXHIBIT A – ~~FORM OF NET WORTH CERTIFICATE~~

~~**MAVERICK AVIATION (IRELAND) DESIGNATED ACTIVITY COMPANY (the "Company")**~~

~~DATE: _____, 20__~~

~~Reference is made to the Guaranty, dated as of _____, 2023 (the "**Guaranty**"), by the Company in favor of Frontier Airlines, Inc.~~

~~I, the undersigned, _____, in my individual capacity and as Director of the Company, which is duly incorporated and validly existing under the laws of Ireland, hereby certifies and warrants to Frontier Airlines, Inc. as of the date first written above that:~~

~~(a) The undersigned is a Director of the Company.~~

~~(b) The undersigned is duly authorized to execute this Certificate on his own behalf and on behalf of the Company.~~

~~(c) The Company has a tangible net worth of at least US$65,000,000 as determined in accordance with the U.S. generally accepted accounting (GAAP) principles consistently applied, with the exception that all contributions from the parent are classified as equity.~~

~~(d) The undersigned has examined the balance sheet of the Company attached hereto as "Annex A" and such balance sheet is a true, complete and correct copy of the balance sheet of the Company, which is accurate and represents the financial condition of the Company as of the date set forth therein, which is the last day of the most recent financial quarter [that ended at least 75 days prior to the date set forth above][1].~~

~~Capitalized terms used herein, but not otherwise defined herein, shall have the meanings provided to them in the Guaranty.~~

~~This Certificate shall be governed by and construed in accordance with the laws of the State of New York.~~

~~*[Remainder of page intentionally left blank signature page follows.]*~~

---

~~[1] Include if the most recent quarter ended less than 75 days prior, and the balance sheet is not yet available.~~

*[Signature Page –Guaranty]*

~~Signed by:~~

_____

~~Name:~~
~~Title:  Director~~

*[Signature Page –Guaranty]*

~~Annex A to Net Worth Certificate – Financial Statements~~

~~[To be attached.]~~

*[Signature Page –Guaranty]*

~~EXHIBIT B~~ Description of Aircraft

| Manufacturer's Serial Number | Registration Mark | Current Owner Trustee | Airframe Type |
|---|---|---|---|
| 8102 | N326FR | Wells Fargo Trust Company, N.A. | A320-200N |
| 8239 | N331FR | Wells Fargo Trust Company, N.A. | A320-200N |
| 8357 | N336FR | Wells Fargo Trust Company, N.A. | A320-200N |
| 7524 | N716FR | Wells Fargo Trust Company, N.A. | A321-200 |
| 8307 | N332FR | Wells Fargo Trust Company, N.A. | A320-200N |
| 8402 | N338FR | Wells Fargo Trust Company, N.A. | A320-200N |
| 8766 | N349FR | UMB Bank, N.A. | A320-200N |
| 8857 | N350FR | UMB Bank, N.A. | A320-200N |
| 8913 | N351FR | UMB Bank, N.A. | A320-200N |
| 8977 | N353FR | UMB Bank, N.A. | A320-200N |
| 9026 | N354FR | UMB Bank, N.A. | A320-200N |
| 9068 | N358FR | UMB Bank, N.A. | A320-200N |
| 9177 | N359FR | UMB Bank, N.A. | A320-200N |
| 10038 | N370FR | UMB Bank, N.A. | A320-200N |

*[Signature Page –Guaranty]*