

# Milbank

**JED M. SCHWARTZ**
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5283
JSchwartz@milbank.com | milbank.com

August 9, 2023

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

    Re:    *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited, et al.*,
            No. 1:22-cv-02943 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

    We are co-counsel for certain remaining Defendants in the above-captioned action. Pursuant to Your Honor's Individual Practices Rule 4.B.2, Defendants respectfully request that the Court issue an order granting Defendants' letter motion to seal the Declaration of Javier Meireles ("Meireles Declaration") and accompanying exhibits, filed contemporaneously herewith (the "Sealed Documents").

    The Sealed Documents contain sensitive and confidential business information and further implicate the privacy and confidentiality interests of a nonparty. In particular, the Meireles Declaration responds to the Declaration of Josh Wetzel ("Wetzel Declaration"), which addressed the balance sheet of Defendants' proposed guarantor. (ECF No. 116-5.) This Court previously granted Frontier's letter motion to seal the Wetzel Declaration and the balance sheet of Defendants' proposed guarantor, filed as Exhibit 3 to the Wetzel Declaration, because the declaration "contains Frontier's financial analysis of that balance sheet" and both documents' "substantive content concerns the confidential information of Defendants." (ECF No. 117.) The Meireles Declaration similarly includes Defendants' analysis of the balance sheet and also references a balance sheet for another nonparty entity.

    Exhibits A and C to the Meireles Declaration contain email excerpts regarding the balance sheet of another nonparty entity and Exhibit B is the true and correct copy of that nonparty entity's balance sheet. These exhibits therefore contain non-public financial information that should remain sealed.

MILBANK LLP
NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Although there is a presumption in favor of public access to judicial documents, the Court may seal judicial documents if "closure is essential to preserve higher values and closure is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Even assuming the Sealed Documents are judicial documents, there would be, at most, a weak presumption in favor of public access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (internal citation and quotation marks omitted). On the "continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance," the sensitive and confidential information contained in the Sealed Documents falls squarely into the latter category. *Id.* (internal citation and quotation marks omitted).

Therefore, "the privacy interests of those resisting disclosure" outweigh any presumed right by the public to have access. *Lugosch*, 435 F.3d at 120. The Second Circuit has emphasized the importance of nonparties' privacy interests when considering the public's right to access judicial documents. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (finding that the privacy interests of innocent third parties "establish a 'venerable common law exception to the presumption of access'") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995)). The Second Circuit has also considered "higher values" justifying sealing to include the "interest in protecting confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing of confidential business information where disclosure would result in "financial harm"). Both interests are present here. The Sealed Documents not only contain information that, if disclosed, would invade the privacy interests of a nonparty but also would consequently reveal confidential and sensitive business information.

For the foregoing reasons, we respectfully request that the Court grant Defendants' letter motion to seal.

Respectfully submitted,

*/s/ Jed M. Schwartz*
Jed M. Schwartz

cc: Counsel of Record (via ECF)

Granted. SO ORDERED.

Dated: August 10, 2023
New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO