

**JED M. SCHWARTZ**
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5283
JSchwartz@milbank.com | milbank.com

August 15, 2023

<u>VIA ECF</u>

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

      Re:    *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited, et al.*,
              No. 1:22-cv-02943 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

      We represent Defendants in the above-captioned action, and we write with the permission of Plaintiff's counsel. Pursuant to the Court's August 10, 2023 Order (ECF No. 124) (the "<u>Order</u>"), in which the Court directed Defendants to file (i) a proposed financial guaranty, (ii) a proposed court order based upon Defendants' earlier proposed order (ECF No. 119, Ex. B), and (iii) a joint letter identifying any unresolved areas of disagreement between the Parties with respect to these documents.

      We are pleased to report that the Parties have conferred and have agreed on the form of the proposed financial guaranty. A copy of that proposed guaranty is attached as Exhibit A to this letter.

      The Parties have been unable to reach agreement on the form of a proposed order resolving the preliminary injunction. Defendants' proposed order is attached as Exhibit B to this letter and Plaintiff's proposed revisions to Defendants' proposed order is attached as Exhibit C to this letter. The Parties set out their respective positions on the form of the order immediately below.

**<u>Defendants' Position</u>**

      There are two areas of disagreement between the Parties on the form of order.

      *First*, Plaintiff's proposed order requires Defendants to pay certain "non-litigation out-of-pocket costs and expenses incurred" in connection with the transactions that Defendants have sought to accomplish. Although the leases do require the payment of certain of Plaintiff's "reasonable and invoices out-of-pocket costs and expenses incurred in connection with [Plaintiff's] cooperation" with Defendants, Plaintiff has for weeks refused to provide invoices with detail sufficient to allow Defendants to determine which expenses are reimbursable and which are not.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Honorable Paul A. Engelmayer  August 15, 2023
Page 2

Only tonight did Plaintiff attempt to provide detail in an invoice. But that invoice, which was just two-pages, fell far short, providing bare-bones descriptions for more than 460 hours of claimed work.

Moreover, payment of these expenses is not a condition to Plaintiff providing the relevant documentation. Rather, all that is required is that the lessor "shall have agreed in writing to promptly reimburse" these expenses following the relevant transactions, which Defendants have agreed to do.

In addition, this condition was neither included in Plaintiff's prior proposed order nor discussed at the August 10 hearing. Accordingly, the Court should not adopt this condition in its order. Rather, the Parties should address this issue in parallel with the negotiation and execution of the documentation requested by Defendants.

*Second*, Defendants' proposed order would have the following things happen simultaneously:

1. Plaintiff provides Defendants with signatures and authorization to attach such signatures to certain documents and Plaintiff will issue certain insurance certificates, each as described more fully in Defendants' proposed order (the "Transaction Documents");

2. Defendants are deemed to have withdrawn the notices of default previously issued, and will promptly provide Plaintiff with confirmation of the same;

3. The financial guaranty in favor of Plaintiff becomes effective;

4. The preliminary injunction is dissolved; and

5. Plaintiff's obligation to continue to post its bond is lifted.

The only exception to the foregoing, and the source of the Parties' disagreement, is that under Defendants' proposed order, if Plaintiff fails to comply with its court-ordered obligation to provide signatures to the Transaction Documents within fourteen (14) days of entry of the order, the preliminary injunction is nevertheless dissolved (and Plaintiff is relieved of its bond obligation), but the notices of default remain and the guaranty is not effective until Plaintiff provides signatures to the Transaction Documents.

Under Defendants' proposal, the preliminary injunction is not dissolved until the Parties jointly inform the Court that, among other things, the condition in No. 1 above has been satisfied. The problem with Plaintiff's proposal is that if Plaintiff fails to comply with its obligation to provide signatures to the Transaction Documents, Defendants are still enjoined from enforcing their rights under the Leases. In other words, the Parties would be in the same position they are in today.

Defendants acknowledge that Plaintiff would be in breach of this Court's order, and thus Defendants would have recourse to the Court to enforce its order (increasing the litigation before this Court). But Defendants respectfully submit that in such a situation, Defendants should be able to exercise the contractual remedies that Plaintiff agreed to give to them in the leases.

Honorable Paul A. Engelmayer                                                              August 15, 2023
Page 3

**Plaintiff's Position**

  Plaintiff Frontier's proposed order adopts much of Defendants' proposal, but makes certain changes to promote certainty and finality of the documentation at issue.

  *First*, Frontier's form of order revises certain "whereas" clauses to avoid unnecessary characterizations, to neutrally present the necessary factual predicates, and to avoid unnecessary proposed "findings" that are incomplete and lacking in context.

  *Second*, Frontier's order directs that Defendants provide Frontier an unconditional guaranty in the agreed form after Frontier returns executed copies of the transaction documents in the two week period the Court allowed. In contrast, Defendants' proposed order states that they will provide a conditional guaranty prior to receiving the documents. The issuance of a conditional guaranty invites potential future confusion and disagreement about whether the condition has been satisfied. Further, a conditional guaranty does not comply with the Court's directive that the guaranty be ironclad and out of Defendants' control once issued. Proceeding as set forth in Frontier's proposed order eliminates the need to place conditions on the guaranty.

  *Third*, Frontier's proposed provision requiring Defendants to pay Frontier's reasonable fees is consistent with the terms of the Leases and necessary due to the parties' prior communications. Paragraph 20.2(a)(v) of Lease Form 1 requires Defendants to reimburse "Lessee's reasonable and invoiced out-of-pocket costs and expenses incurred in connection with its cooperation with Lessor under this Clause 20.2(a), including reasonable legal fees." For months, Defendants have acknowledged their obligation to pay fees but refused to pay any invoiced amounts or to commit to a schedule for paying fees.

  *Fourth*, Frontier proposes edits to clarify the process for dissolving the preliminary injunction. Frontier seeks to impose on the parties a joint duty to inform the Court of the status of the execution of the documents. Frontier is bound by paragraph 1 to provide reasonable consents within 14 days, so Frontier submits there is no need for the "earlier of" language proposed by Defendants.

            Respectfully submitted,

            */s/      Jed M. Schwartz*
            Jed M. Schwartz

cc: All Counsel of record (via ECF)