# **EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONTIER AIRLINES, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>AMCK AVIATION HOLDINGS IRELAND LIMITED, *et al.*,<br><br>        Defendants. | Case No.: 1:22-cv-02943 (PAE)<br><br>**[PROPOSED] ORDER DISSOLVING PRELIMINARY INJUNCTION** |

**WHEREAS**, on July 18, 2023, the Court entered a narrow preliminary injunction (the "Preliminary Injunction") enjoining defendants from grounding, impounding or de-registering the 14 A320 airbus aircraft (the "Aircraft") subject to notices of default issued on or about May 26, 2023 (the "May 26 Default Notices") by Defendants Wells Fargo Trust Company, N.A., solely in its capacity as Owner Trustee ("Wells Fargo"), and UMB Bank, N.A., solely in its capacity as Owner Trustee ("UMB") (collectively, "Defendants"), based on the defaults presently asserted against Plaintiff Frontier Airlines, Inc. ("Frontier") in those May 26 Default Notices;

**WHEREAS**, on July 18, 2023, the Court ordered Frontier to continue to maintain the previously ordered $2 million bond relating to the Preliminary Injunction (the "Bond");

**WHEREAS**, on August 2, 2023, Defendants filed a Motion to Alter or Amend the Court's July 18, 2023 Order Granting Plaintiff's Application to Convert Temporary Restraining Order to Preliminary Injunction (the "Motion to Amend");

**WHEREAS**, the Motion to Amend was accompanied by a form of guaranty provided by Maverick Aviation (Ireland) DAC addressing the claims asserted by Frontier in the action captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd., et al.*, No. 1-20-cv-

9713 (LLS) (S.D.N.Y.) (the "AMCK Litigation");

**WHEREAS**, on August 10, 2023, the Court held a hearing and heard argument on the form of guaranty such that once provided to Frontier, the Preliminary Injunction would no longer be necessary;

**WHEREAS**, following the August 10, 2023 hearing, Defendants submitted a revised guaranty for the Court's review (the "Guaranty") (ECF No. __), which was accompanied by a joint letter setting out the Parties' positions with respect to the Guaranty; and

**WHEREAS**, based on a review of the Guaranty, the Parties' various submissions, and the record in this action, the Court has determined that Frontier has no plausible basis to further withhold its cooperation with Defendants' efforts to sell or refinance the Aircraft;

**WHEREFORE, IT IS NOW HEREBY ORDERED THAT:**

1. Within fourteen (14) days from the date hereof, Frontier will provide signatures to, and authorization to attach such signatures to executed copies of the documents provided by Defendants' counsel to Frontier's counsel on July 18, 2023 or, in the case of revised versions sent August 14, such revised versions (excluding the documents provided on July 18, 2023 relating to the sale to third parties of four of the Aircraft), in each case with such revisions reasonably requested by Defendant, and reasonably satisfactory to Frontier, or reasonably requested by Frontier and reasonably satisfactory to Defendants (in each case, consistent with the lease requirements and industry market standards and, for the avoidance of doubt, Frontier will not request language that references or is otherwise relating to pending litigation between Frontier and any Defendant or the AMCK Litigation), and issue insurance certificates for the 14 Aircraft in the form provided to Frontier's counsel

on July 18, 2023 (with such revisions reasonably agreed between Frontier and the Defendants that are consistent with the lease requirements and industry market standards), following the receipt of which by Defendants, Defendants shall be deemed to have withdrawn the May 26 Default Notices, and shall promptly provide Frontier with confirmation of the same;

2. Within two (2) business days from the date hereof, the Defendants shall provide an executed copy of the Guaranty to Frontier, with the effectiveness of the Guaranty being conditioned on Frontier satisfying its obligation under Paragraph 1 of this Order;

3. Upon the earlier of (i) the satisfaction of Paragraphs 1 and 2 of this Order, and (ii) fourteen (14) days from the date hereof, in each case without further order of the Court:

   a. the Preliminary Injunction (ECF No. 92) is dissolved, and of no further force or effect; and

   b. Frontier is no longer required to post the Bond.

4. Defendants will promptly notify the Court once the conditions in Paragraphs 1 and 2 have been satisfied.

5. This Order is without prejudice to, and does not impact any other rights of the parties in this action, or the actions captioned *Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Ltd., et al.*, No. 1:20-cv-09713 (LLS) (S.D.N.Y.) and *Carlyle Aviation Mgmt. Ltd., et al. v. Frontier Airlines, Inc.*, No. 1:23-cv-04774 (PAE) (S.D.N.Y.).

SIGNED this ____ day of _____, 2023.

_____
HON. PAUL A. ENGELMAYER
United States District Judge

- 4 -